Where an *alternative mandamus* has been duly & regularly served, the court on affidavit of such service, will issue a peremptory mandamus without compelling a return to the first writ.

# The People, *at the relation* of Tremper, *against* the Judges and Supervisors of the County of Ulster.

AT the last term, an alternative *mandamus* had issued, directed to the defendants, and no return having been made, *Emott* now read an affidavit, stating that it had been served by delivering a copy thereof to each of the defendants, and at the same time shewing the original, and moved that a peremptory *mandamus* should issue.

*Gardinier, and Van Ness*, contra, contended that a peremptory *mandamus* could not issue until a return was made to the first writ. The rule should be for a return to the first *mandamus*, as in other cases, where a writ is not returned, a rule is obtained, requiring the person to whom it was directed, to return it in a certain time, or that an attachment issue.

*Emott* and *Harison* in reply. The alternative *mandamus* is like a rule to shew cause, and as copies have been duly served on all the parties, and no cause shewn, it is regular to issue a peremptory writ. A *mandamus* is not like ordinary process, nor governed by the same rules. It is a high prerogative writ.

*Per Curiam.* It is not requisite that we should go through the process and delay of rules and attachments, in order to compel a return to the first *mandamus*. The *alternative* in it, was intended for the benefit and convenience of defendants. As the first writ has been regularly served, we may, at our discretion, order a peremptory *mandamus;* but as the defendants may not have had a sufficient time to meet together and make their return, we are disposed to allow them a further day for that purpose.

The counsel, thereupon, agreed on the 15th day of *April;* and the court ordered, that if the return was not made on that day, the *relator* might sue out a peremptory *mandamus.*