THE PEOPLE, *ex rel.* KNAPP, *against* THE JUDGES of the Court of Common Pleas of the County of WEST-CHESTER.

A MANDAMUS was issued out of this Court in these words: "The people, &c. to the Judges, &c. of Westchester, greeting: Whereas it has lately been represented to us, in our Supreme Court of Judicature, before our Justices thereof, on the part and behalf Jonas Knapp, that, at a Court of Common Pleas held in and for the county of Westchester, at, &c. on &c. a certain suit, then and there pending, in the said Court of Common Pleas, before you the said Judges, wherein Jonas Knapp was appellee, and Sylvanus Knapp appellant, was argued before you the said Judges, and a judgment of nonsuit rendered therein by you the said

Form of an
alternative
*mandamus,* to
a court of com-
mon pleas,
commanding
them to seal a
bill of excep-
tions.
It did not set
forth the bill;
yet *held* suffi-
cient.
It was served
in vacation, by
showing each
judge, sepa-
rately, the cri-

ginal *mandamus,* and delivering him a copy; *held,* a good service.
A motion to quash an *alternative mandamus* may be made before the writ is returned.

ALBANY,
Feb. 1825.

The People
v.
Judges of
Westchester

Judges; and that the said Jonas Knapp, by his counsel learned in the law, did then and there except to the opinion of you the said Judges in the said suit, and to the judgment therein by you so rendered as aforesaid, and did then and there write his exceptions and tender the same to you, and request you to affix your seals to the same, to which said exceptions, you, the said Judges, refused to affix your seals: Whereupon, we, being willing that justice should be done in the premises, do command you, that you, the said Judges, do affix your seals to the said bill of exceptions, according to the statute in such case made and provided; or, in default thereof, that you make known to us, in our Supreme Court of Judicature, before our said Justices thereof, at the capitol in the city of Albany, on the 3d Monday of February next, why you have not done the same. Witness, JOHN SAVAGE, Esq. &c. at, &c. the 30th day of October, A. D. 1824."

It appeared by an affidavit of the First Judge of Westchester, that this writ was served by showing the Judges, each of them, in vacation, the original which the attorney retained, and at the same time delivering to each a copy.

*E. Williams,* for the defendants, moved to *quash* or *supersede* the *mandamus,* 1. On the ground that it is defective in form, in omitting to set forth or recite the bill of exceptions. In *Sikes* v. *Ransom,* (6 John. Rep. 279,) this Court say, that our statute is the same as the English, in relation to bills of exceptions; that the Supreme Court can issue the writ, as well as the Chancery in England. The Court then refer to the English forms, and say that they can be the same in the Supreme Court; that the writ, *after reciting the complaint,* commands the Judges, *si ita est, tunc sigilla vestra, &c.* and if it be returned *quod non ita est,* the answer would be sufficient. In Bull. N. P. 316, it is said, if the Judges refuse to sign the bill, the party grieved by the denial may have a writ upon the statute, commanding the same to be done *juxta formam statuti;* it recites the form of an exception taken and overruled, and it follows, *vobis præcipimus quod si ita est tunc sigilla vestra apponatis,*

and if it be returned, *quod non ita est*, an action will lie for a false return, and thereupon the surmise will be tried, &c.

From these authorities, it is evident that the *mandamus* must recite the bill of exceptions tendered, that the Judges below may see whether the bill they are required to seal comprises the same matters as that tendered; and that they may be able to return specifically, *quod non ita est*, or otherwise, according to the fact.

Nothing appears upon the mandamus but what the Common Pleas did right in directing a nonsuit; or, if otherwise, there is not that point of law stated which would be the subject of a bill. The contrary, rather, appears, and that there is no point of law to which a bill of exceptions can be taken. (2 Caines' Rep. 168.)

The counsel also objected to the manner of service, as irregular.

*J. Edwards*, referred to Bac. Abr. *Mandamus*, (B) to show that a motion to quash the writ would not lie before a return made and filed. The manner of service was right as settled by this Court in *The People* v. *The Supervisors and Judges of Ulster*, (1 John. Rep. 64.) The bill of exceptions need not appear in the writ. It is always tendered to the Judges at the trial, and, in practice, it is served on them with the *mandamus*. If not done, or the service is, in any manner, irregular, it may be cause for refusing a peremptory *mandamus*, but is no cause for quashing or superseding the writ. The form of a *mandamus* to set aside a rule, as drawn by counsel, in *Blunt* v. *Greenwood*, which is given at length in 1 Cowen's Rep. 22, was not more explicit than this. The Judges should make a return upon which issue may be taken, and should not be allowed to quash the writ upon their affidavit.

He concluded, by moving that a peremptory mandamus issue.

*Curia.* It is objected that a motion to quash the writ will not lie till it is returned. Such is the general rule; but a case is cited, (*The People* v. *The Judges and Su-*

ALBANY,
Feb. 1825.

Ex parte
Staats.

*pervisors of Ulster*, 1 John. Rep. 64,) by which it appears that the service of an alternative *mandamus* may be by delivering a copy, at the same time showing the original. The party thus having a right to retain the writ, the Judges must make a return without it. The writ itself cannot be returned by them; and we think the case an exception to the rule. The motion is, for that reason, in time. We think, however, it was not necessary to recite the bill of exceptions in the writ; the motion to quash or supersede it is, therefore, denied; but as the defendants may not have had time to prepare a return, we give them to the next term for this purpose, when, if the return be not made, a peremptory mandamus must go.

Rule accordingly.