ALBANY,
June 1832.

The People
v.
Herkimer C.P.

June 7.

---

THE PEOPLE, on the relation of ETHERIDGE, *vs.* HERKIMER C. P.

June 7.

MOTION to quash a bill of exceptions, because signed by the judges in vacation and when they were not together. The answer to which, was, that the bill had been prepared long since, and a copy served on the defendant in error, that it had been presented in open court, but refused to be signed by the judges of the common pleas, *solely* on the ground that the party was *too late* in presenting it, and that now there was no allegation that it was erroneous or incorrectly made up. The judges signed the bill in compliance with the directions of an

*alternative* mandamus, issued by this court, who were of opinion that the C. P. erred in determining that the party was *two late* in presenting the bill. It was further urged in support of the motion, that the alternative writ should have been served in open court and not on the judges in vacation, as had been done in this case.

ALBANY,
June, 1832.

The People
v.
Herkimer C. P

*By the Court,* NELSON, J. The service of the alternative writ in vacation on the judges was a good service. 4 Cowen, 73, 403, and no objection is perceived to the judges complying with the requisition of the writ, by signing the bill of exceptions, although not together, if satisfied that the bill was correctly made up, as they probably were, it having been before them in open court, and they having refused to sign it merely because they considered it presented out of season. On that point they had received the advice of this court, and therefore properly complied with it. The motion is denied.

END OF NON-ENUMERATED CASES.

# CASES

## ARGUED AND DETERMINED

### IN THE

## COURT FOR THE CORRECTION OF ERRORS

### OF THE

## STATE OF NEW-YORK

#### DURING THE YEAR 1831.