## STATE ex rel., HOLMES vs. BAIRD.

### ALTERNATIVE WRIT OF MANDAMUS.

Heard August 2, 1859.]                    [Decided May 9, 1860.

### *Mandamus.*

Where a party altogether neglects, or refuses to make return to an alternative writ of mandamus, the relator is not therefore entitled to a peremptory writ, but he must proceed to enforce a return to the writ.

The facts in this case are sufficiently stated in the opinion by the court.

*J. E. Holmes*, in person for the relation.

*By the Court*, COLE, J. An alternative writ of mandamus was granted in this case in July, 1858, requiring the respondent to remove and keep his office of county judge, and the books, papers and records of his office, at the county seat of Jefferson county. The alternative writ was personally served on the 16th of that month. No return having been made to the alternative writ, the relator at the last term made a motion for a peremptory writ upon his relation. This motion must be denied. When a party altogether neglects or refuses to make return to an alternative writ of mandamus, the moving party is not necessarily entitled to a peremptory writ upon his relation, but in such a case steps should be taken to enforce a return. Tapping, in his work on Mandamus, side paging, 345, vol. 74, Law Library, states the English practice to enforce a return. He says that it is the duty of the defendant upon whom the writ of mandamus has been personally served, to return and file it with his return, on or before the return day in such writ mentioned, or before the expiration of any further time the court may, on application for that purpose, have allowed him; and that, if he neglects his duty in this respect, the practice has always been for the prosecutor to obtain a rule upon the respondent to return the writ. A return not having been made and filed in this case according to the exigency of the writ, the relator should proceed to enforce a return instead of applying for a peremptory writ. This appears to be the correct practice as laid down by the authorities, and at all events, it is the practice recognized and established by section 1, chapter 159, R. S., 1859, upon this subject.

The motion therefore for a peremptory writ is overruled.