## CARR VS. THE COMMERCIAL BANK OF RACINE.

Oral testimony cannot be received on the hearing of a motion.

Action against a bank; summons served upon D. as its managing agent; and judgment for want of an answer. A rule upon the plaintiff to show cause why the judgment should not be vacated and the action dismissed, was obtained upon an affidavit of D. that he was not a managing agent or officer of the bank; and there was no rebutting evidence except oral testimony taken at the hearing. An order of the circuit court discharging the rule is reversed by this court, without prejudice to the plaintiff's right to produce affidavits upon a further hearing.

APPEAL from the Circuit Court for *Racine* County.

The sheriff's certificate of service of the summons and complaint in this action stated that they were served on the defendant " by delivering to and leaving true copies of said summons and complaint with Henry S. Durand, the managing agent of said defendant." Judgment against the defendant for want of an answer. Afterwards, upon an affidavit of said Durand that at the time of the service of the summons he was not the managing or other agent of the defendant, its president, secretary, cashier, treasurer, director or other officer, the

defendant obtained a rule upon the plaintiff to show cause why the judgment should not be set aside and the action dismissed. On the hearing, the plaintiff, against the defendant's objection' called and examined several witnesses to rebut the affidavit of Durand. The motion to set aside the judgment and dismiss the action was denied; and from this order the defendant appealed.

*Bennett & McClellan*, for appellant.

*Strong & Fuller*, for respondent.

*By the Court*, DIXON, C. J. The practice of receiving the oral testimony of witnesses upon the hearing of a motion, is entirely unknown to us. We are directed to no authority for it, and we know of none. On the other hand, *Meyer v. Lent*, in the Court of Appeals, 7 Abb. Pr. Reports, 225, is an authority against it. The code does not sanction it, and no such practice exists independently of the code. The law makes no provision for preserving a record of the evidence so taken, or for a review upon a case or bill of exceptions. Upon appeal from an order, the clerk transmits only the order appealed from and the original papers used by each party on the application for the order, or copies in case they are directed. Laws of 1860, ch. 264, sec. 5. If such a practice were allowed, it must result, therefore, in committing the determination of the motion finally to the discretion of the magistrate before whom it is made, which is clearly contrary to the spirit and intention of the laws. We think it cannot be allowed.

The oral evidence being out, the case stands upon the affidavit of Durand alone. He deposes that he was not, at the time of service, " the managing agent," president, secretary, cashier, treasurer, director or other agent or officer whatsoever of the bank, defendant. On this affidavit, uncontradicted, we must reverse the order and remand the cause, but without prejudice to the right of the plaintiff to produce affidavits in opposition to the motion in case he is so advised.

Ordered accordingly.