STATE, EX REL. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MERCER, v. THE PENNSYLVANIA RAILROAD COMPANY.

1. A motion to quash an alternative writ of *mandamus*, granted after argument upon notice, will not be entertained.
2. Strict compliance with the rules of practice requires that if the writ is directed to one person, it should be served by delivering the original to him; if directed to several, the original should be delivered to one, and copies left with the others.
3. But the court will not set aside the service of a writ of alternative *mandamus* because of the failure to leave the original with the person to whom it is directed, if a correct copy is delivered. A return may be made to a copy as well as to the original, and, if necessary, the court will permit the original to be taken from the files for the purpose of a return to it.
4. If the duty commanded is incumbent upon a corporation, the writ should be directed either to the corporation or to the select body within the corporation, whose province and duty it is to perform the particular act, or put the necessary machinery in motion to secure its performance, and the return must be made by those to whom the writ is directed.

5. The only means of compelling a return to a writ of *mandamus*, or obedience to its command, is by attachment, which will only go against such persons as have been served with the writ; therefore, to make the writ efficacious, it must be served upon the officers of the corporation who have the power, and whose duty it is, to execute it, and against whom an attachment to enforce obedience may issue.

6. A writ of alternative *mandamus*, directed to the Pennsylvania Railroad Company, commanding the company to construct certain bridges over its railroad, or show cause, was served on the superintendent of the New Jersey Division of the company's railroads; *held*, that the writ was not properly served, and the service was set aside.

7. The eighty-seventh and eighty-eighth sections of the act concerning corporations, (*Rev., p.* 193,) which provide for service of process on corporations by service on any officer or agent, &c., do not apply to prerogative writs, which are enforceable only by attachments for contempt; they relate only to personal actions, where the fruits of the litigation are secured by a common law judgment.

8. A return must be made to a peremptory writ of *mandamus* as well as to the alternative. The difference is only in the substance of the return. In either case the court will require a return, under penalty of an attachment.

On motion to quash or set aside service of a writ of alternative *mandamus*.

Argued at February Term, 1879, before Justices Dalrimple, Depue and Scudder.

For the motion, *E. T. Green.*

*Contra, J. S. Aitkin.*

The opinion of the court was delivered by

Depue, J. The object of this proceeding is to compel the construction of bridges over the railroad at the crossing of Hill and Chambers streets, in the borough of Chambersburg. An alternative writ having been granted, after argument, and upon notice and depositions taken, as directed by this court, a motion to quash the writ as improvidently awarded will not now be entertained. Nor will the court, at this time, consider the application to quash on the merits of the controversy. The grounds on which that motion is made are of too much

consequence to be disposed of on a motion to quash. They should be presented either by plea or demurrer.

The only objections necessary or proper to consider at this stage of the proceedings are those which relate to the mode in which this writ was served.

The writ of *mandamus* must be directed to the person or corporation who is to execute it by doing the act commanded. *Com. Dig.,* "*Mandamus,*" *C* 1; *Dill. on Mun. Corp.,* § 704. The writ in this case being grounded on an alleged duty devolving on the Pennsylvania Railroad Company, was properly directed to that corporation. It was served on F. Wolcott Jackson, the superintendent of one of the divisions of the company's railroads. The original was returned, with an affidavit of service of a copy by handing the same to Mr. Jackson, personally, and acquainting him with the intent and *meaning of the writ, and of the service thereof. Strict compliance with the rules of practice requires that if the writ is directed to one person, it should be served by delivering the original to him; if directed to several, the original should be delivered to one, and copies served on the others. *Corner's Prac.* 227. In *State* v. *Elkinton,* 1 *Vroom* 335, Justice Elmer takes a distinction between the alternative writ and one which is peremptory in form. Where the writ is an alternative writ, he says the writ should be delivered to the person who is required to obey it, or to return a sufficient cause for not doing so; but if it be a peremptory writ, he seems to regard the proper course to be to show the writ, reading and explaining it if necessary, and giving a copy. This distinction is without any real foundation. The reason for requiring the original to be left with the person to whom it is directed, is that a return may be made to it. The writ, in either form, contains a command that the respondent make known to the court how he shall have executed the writ, " by returning to us this our writ." The difference is in the substance of the return. To the alternative writ the respondent may return that he has complied with its mandate, or he may show cause thereto by setting up matters in denial, excuse or

palliation.   To the peremptory writ no other return will be
admitted but a certificate of perfect obedience and due execu-
tion of the writ, " as by the aforesaid writ commanded;" and
the court will require a return of such certificate to be filed,
under penalty of an attachment.   3 *Black. Com.* 111 ; *Tap-
ping on Mandamus* 408.   The better rule, I think, is that
adopted in several cases, that the court will refuse to set aside
the service because of the failure to leave the original with the
person to whom it is directed, if a correct copy is delivered.   A
return may be made to a copy as well as to the original, and
in the absence of a statutory prescription of the mode of ser-
vice, the court will not permit its process to be evaded or dis-
regarded on mere technical grounds.   *Reg.* v. *Birmingham
and Oxford R. R. Co.*, 1 *E. & B.* 292 ; *People* v. *Judges*, 1
*Johns.* 64 ; *People* v. *Judges*, 4 *Cow.* 73 ; *Endicott.* v. *Mat-
thews*, 1 *Stockt.* 110 ; *State, Chambers, pros.*, v. *Dwyer, ante p.*
93.   The court, if necessary, will permit the original to be
taken from the files for the purpose of a return to it.

The objection that the service was not made on the proper
person is more formidable ; indeed, is insuperable.

If the duty commanded is incumbent upon a corporation,
the writ should be directed either to the corporation or to the
select body within the corporation, whose province and duty
it is to perform the particular act, or to put the necessary
machinery in motion to secure its performance; for it is not
in the power of others to put the command of the writ in
execution.   *High on Ex. Rem.*, § 442 ; *Tapping on Manda-
mus* 315; *Mayor* v. *Lord,* 9 *Wall.* 409 ; *People* v. *Common
Council,* 3 *Keyes* 81.   The return must be made by those to
whom the writ was directed.   *Com. Dig., " Mandamus," D ;
Tapping on Mandamus* 341.   If it be made by any other
person, without the privity or consent of those to whom the
writ is directed, an action on the case lies against him who
makes such return, and it is also an offence punishable by the
court by attachment.   *Bac. Ab., " Mandamus," G.*   The writ,
in the present case, being grounded on an allegation of a duty
incumbent on the Pennsylvania Railroad Company, was

properly directed to that corporation, and the return must be made by and in the name of the company. The only means in the power of the court to compel a return to the writ, or obedience to its command, is by attachment, and an attachment will only go against such persons as have been served with the writ. *Queen* v. *Ledgard*, 1 *Q. B.* 616. To make the writ at all efficacious it must, therefore, be served upon the officers of the corporation who have the power, and whose duty it is to execute it, and against whom an attachment to enforce obedience may issue. *Dillon on Mun. Corp.*, §§ 701–704.

For these reasons, service on Mr. Jackson is insufficient. He is neither an officer of the corporation nor a member of its governing body. He is a mere employé and agent of the company, having only delegated powers and specified duties to perform. He has no power in virtue of his employment, or of his relations to the company, to execute the command of the writ by constructing the bridges in question. If the writ had been directed to him personally, his lack of power, and the absence of a duty on his part to execute the requirements of the writ, would have been a complete defence. It must be equally efficacious to avoid the service of a writ directed to another, which can only be made effective by punishing him personally by attachment. Nor is he the representative of the company for the purpose of putting the merits of this controversy before the court. If he should make return to the writ, spreading upon the record the case of the defendants, he could only do so without authority, and upon information only. His answer would leave the court practically without jurisdiction; for when the litigation was ended, the court would be still unable to coerce those who alone would have the power, and upon whom alone the duty would devolve, to execute the purpose of this proceeding. Under these circumstances, to sustain the writ upon such a service would be a nugatory act.

The eighty-seventh and eighty-eighth sections of the act concerning corporations, (*Rev., p.* 193,) which provide for

service of process on corporations, domestic and foreign, will not aid the service in this case. They relate to the service of process in personal actions, where the fruits of the litigation are secured by a common law judgment to be executed upon the property of the defendants. They do not apply to proceedings under prerogative writs, which are enforceable only by attachment for contempt in disobeying the commands of the court. *King* v. *Edyvean*, 3 *T. R.* 352, was decided under a statute which made provision for constructive service of the *mandamus*, in cases of that kind, by public advertisement. We have no such statute in this state.

The service should be set aside, but without costs.