The State ex rel. Drury vs. The Supervisors of the Town of Lincoln.

THE STATE EX REL. DRURY, Appellant, vs. THE SUPERVISORS OF THE TOWN OF LINCOLN, Respondents.

*November 4 — November 23, 1886.*

*Mandamus: Appealable order: Service of writ.*

1. An order setting aside the service of an alternative writ of *mandamus* is appealable.
2. Service of an alternative writ of *mandamus* may be made in the manner prescribed for the service of a summons.

APPEAL from the Circuit Court for *Kewaunee* County. The case is sufficiently stated in the opinion.

For the appellant there were briefs by *Timlin & Manseau*, and oral argument by *Mr. Timlin*.

For the respondents the cause was submitted on the brief of *Geo. B. Byron*. He contended, *inter alia*, that the service of the alternative writ was insufficient. Sec. 3450, R. S., prescribes the method of service. The original writ must be delivered to the person, body, or tribunal to whom it is directed. *State ex rel. Havemeyer v. Supervisors*, 22 Wis. 397; *State ex rel. Holmes v. Baird*, 11 id. 260; *Tillson v. Comm'rs*, 19 Ohio, 416; 17 Miss. 159; *Hempstead v. Underhill's Heirs*, 20 Ark. 337; *Comm. v. Brady*, 6 Phila. 121; *State v. King*, 29 Kan. 607. If the writ be directed to several persons a copy must be served upon all but one, showing the original at the time of service, and the original on such one, the officer retaining a copy to make his return upon. Moses on Mandamus, 225; Tapping on Mandamus, 330, 331. See, also, High on Extr. Leg. Rem. (2d ed.), sec. 517; *Queen v. Chapman*, 6 Mod. 152; *King v. Mayor of Exeter*, 12 id. 251.

TAYLOR, J. This is a proceeding by *mandamus*. An alternative writ of *mandamus* was issued and served upon two of the supervisors by leaving with them personally a

The State ex rel. Drury vs. The Supervisors of the Town of Lincoln.

true copy of the writ and at the same time exhibiting to each of them the original, with the seal of the court and the signature of the clerk thereto appended; and upon the third supervisor by leaving a copy of the writ at his last and usual place of residence, with a person of suitable age, etc., the said supervisor not being found in the county.

On the return-day of the writ the supervisors appeared solely for the purpose of moving the court to supersede the writ on the ground that it was not properly served. The writ was served by an under-sheriff of the county, and he made return upon the writ as follows:

"*State of Wisconsin, Kewaunee County — ss.:* I hereby certify that at the town of Lincoln, in said county, on July 14, 1885, I served the annexed writ of *mandamus* on the therein-named supervisors of the town of Lincoln, John B. Gigot, Emanuel Defuet, and John B. Laurent, Jr., by delivering to and leaving with each of the said defendants Gigot and Laurent a true copy thereof, and exhibiting to each of them the original, with the seal of said court and the signature of the clerk thereof thereto appended; and at the same time and place served the same writ on the therein-named Emanuel Defuet by delivering to and leaving with Beatrice, his wife and a member of his family, of suitable age and discretion, at the last and usual abode of said Defuet, a true copy thereof, and informing her of its contents, for that the said Emanuel Defuet could not be found by me within my county, after diligent search.

"FELIX MELERA, Sheriff,
"By JOHN H. ROONEY, Under-sheriff."

There is some question made by the respondents as to the truth of the return, but the court finds that the service was made in the manner certified by the officer. That finding is conclusive upon this appeal. We must therefore decide upon the sufficiency of the service if made as certified by the officer.

The learned circuit court held that the service was not sufficient, and made an order superseding the writ, with leave to the relator, on payment of $10 costs, to make a new service of the writ, or take a new writ, as he may be advised. From this order the relator appealed to this court.

The learned counsel for the respondents moved to dismiss the appeal on the ground that the order setting aside the service is not an appealable order. Both parties agreed that the proceeding by *mandamus* is, in substance, a civil action. This court has so decided in *State ex rel. G. B. & M. R. Co. v. Jennings*, 56 Wis. 113, and this decision is sustained by all the authorities. *Weston v. Charleston*, 2 Pet. 449; High on Extr. Rem. §§ 4, 5, 530, 531, and cases cited. Starting out with this proposition settled, it follows, of course, that the service of the writ is the commencement of the action. See sec. 2629, R. S. The setting aside the service for irregularity puts an end to the action if no further proceedings be had after the order setting aside the service is entered. It seems to us very clear that such an order is appealable. It puts an end to the action. If the relator pays the costs and makes a new service, he commences a new action. It is not like an order setting aside the service of the complaint. Such an order does not put an end to the action. The service of the summons is the commencement of the action, and until that is set aside the action is still pending, as in the case of *Orton v. Noonan*, 32 Wis. 104; nor is it like the cases of *Oatmun v. Bond*, 15 Wis. 23; *State ex rel. Neeves v. Sup'rs Wood Co.* 41 Wis. 28; *Rahn v. Gunnison*, 12 Wis. 528. The orders in these cases did not put an end to the action, but left the actions pending in court.

The other question in the case is whether the circuit judge erred in deciding that the service was insufficient to give the court jurisdiction of the persons of the respondents. This court holding that the proceeding is substantially a civil action, and that the service of the alternative writ or

of an order to show cause is the commencement of the action, there would seem to be no substantial reason for holding that a service made in the manner prescribed by statute for the service of a summons or other writ, or of an order to show cause by which an action is commenced, is not sufficient, unless there be some statute which requires a different form of service. It is urged that sec. 3450, R. S., prescribes a different form of service for this alternative writ. We think the learned circuit judge was mistaken in holding that this section made it imperative that the writ itself must be delivered to the party to whom it is directed, in order to make a sufficient service.

It is possible that the learned judge may have been influenced in his decision by what was said by this court in the case of *State ex rel. Holmes v. Baird*, 11 Wis. 260. It is true that it was said in that case, quoting from Tapping in his work on Mandamus, that the proper method of serving the alternative writ was by delivering the original writ to the respondent. The question, however, to be decided in that case was not whether the writ had been properly served, but whether, upon the refusal or neglect of the respondent to make return to the writ, the relator was entitled to have a peremptory writ issued; and it was held that he was not entitled to such writ, but must proceed to enforce a return to the writ.

In the states of New York and Missouri, where the statutes in regard to the writ of *mandamus* are, in substance, the same as the section of our statute above cited, it has been uniformly held that the alternative writ might be served by the delivery of a copy and exhibiting the original. The reason for establishing such rule was that the writ is in fact the commencement of an action, and that a service similar to that required for the service of other writs by which an action was commenced, should be sufficient. The rule was established in New York as early as 1825, and was

in force when our statute was adopted. In Missouri, under a similar statute, they adopted the same rule as early as 1846; citing the earlier New York cases as authority for the rule. *People ex rel. Tremper v. Judges*, 1 Johns. 64; *People ex rel. Knapp v. Westchester*, 4 Cow. 73, 403; *People ex rel. Etheridge v. Herkimer*, 7 Wend. 536; *St. Louis Co. v. Sparks*, 10 Mo. 118; *Commissioners v. Sellew*, 99 U. S. 626.

In the case of *Queen v. B. & O. J. R. Co.* 1 El. & Bl. 293, the court refused to set aside the service of an alternative writ, although served by copy; the original writ not having been left with the respondents or either of them, nor was the original writ shown to them. It was urged in that case that the respondents could not make a return to the writ unless it was delivered to them. The insufficiency of that objection was stated by one of the judges by instancing a case where the writ is issued to several persons, and consequently the original can be delivered to but one. In such case, if it be necessary for the respondent to have the writ before he can be compelled to make a return, it would be impossible to make a sufficient service of it.

We think the rule adopted in New York and Missouri, under like statutes as ours, is the reasonable rule and should be adopted by the courts of this state. To adopt the other rule would make it impossible to serve the writ when it issued against two or more persons, except by a modification of the rule, which in effect destroys it.

We see no objection to the service upon the absent respondent in the manner in which it was done in this case. Under the rule laid down in *State ex rel. Holmes v. Baird, supra*, that the relator is not entitled to a peremptory writ on the neglect or refusal of the respondents to make return to the alternative writ, but that he must proceed to compel a return, no injury can result from allowing such service in the temporary absence of the respondent. He will be entitled to further notice of what is required of him before any

peremptory writ can be issued, under the rule laid down in *State ex rel. Holmes v. Baird.*

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings.

See note to this case in 30 N. W. Rep. 360.— Rep.

