TETLEY, SLETTEN & DAHL, Appellant, vs. ROCK FALLS
MANUFACTURING COMPANY, Respondent.

*February 8—March 14, 1922.*

*Corporations: Service on foreign corporations: Service on agent
engaged in interstate commerce: Continuous course of
business in state.*

1. An appeal lies from an order setting aside the service of a
   summons, but not from one refusing to set aside the service,
   in which case a judgment must first be entered and the order
   reviewed on appeal from the judgment.
2. Jurisdiction of a foreign corporation by the service of process
   on an agent in the state cannot be acquired unless it can be
   deemed that such agent at the time of such service brought
   the corporation into the state and unless the presence of such
   agent within the state amounts to the presence of the corpora-
   tion.
3. The mere presence of an agent in the state while not trans-
   acting business for the corporation, as where he conducts
   business of his own, is not sufficient to give the court juris-
   diction by service on such agent.
4. To acquire jurisdiction by service on an agent, a foreign
   corporation must be actually doing business within the state.
5. Jurisdiction of a foreign corporation may be acquired by
   service on an agent who, although transacting purely inter-
   state commerce in this state for four years, continuously
   solicited orders for the defendant, accepted plaintiff's check,
   cashed it, and transmitted the proceeds to the defendant.

APPEAL from an order of the circuit court for La Crosse
county: E. C. HIGBEE, Circuit Judge. *Reversed.*

Plaintiff, a Wisconsin corporation, sued defendant, an
Illinois corporation not engaged in business in Wisconsin,
for the recovery of the sum of $566, part purchase price
of a hearse manufactured by the defendant. At the time
the contract for the hearse was entered into and for a period
of four years prior thereto, one A. W. Hanson, residing at
Manitowoc, Wisconsin, acted as the agent of the defendant
in this state to procure orders for the purchase of defend-
ant's hearses upon a commission basis. Contracts, when

procured by the agent, were signed by the purchasers and by the defendant, by its agent, and transmitted to the defendant's home office in Illinois for approval. This was also done in the instant case, and in fact the contract contained a provision making it subject to the approval of the .defendant. Beneath the signatures of the parties there was added a provision for an allowance of $21.50 to the plaintiff to cover expenses in inspecting a certain hearse at Beloit, Wisconsin. When the contract was signed, plaintiff in part payment delivered to the agent a check on a La Crosse bank for $566, payable to the defendant, which check the agent indorsed and thereupon received the cash, which he transmitted to the defendant. Upon the claim that certain misrepresentations were made by the agent at the time of the sale, plaintiff commenced this action against the defendant for the recovery of the part purchase money paid, and the summons was served upon said Hanson while at his home in the city of Manitowoc.

The defendant appeared specially in the action and moved to set aside the service of the summons for the reason that the court did not obtain jurisdiction of it by such service, and because said Hanson at the time of such service did not have charge of and was not conducting any business for it in this state. The circuit court granted defendant's motion, and this appeal was thereupon taken by plaintiff.

For the appellant there was a brief by *Cowie & Hale* of La Crosse, and oral argument by *Quincy H. Hale.*

For the respondent the cause was submitted on the brief of *Lees & Bunge* of La Crosse.

DOERFLER, J. The provisions of the statutes involved are the following:

"Section 2637. Actions against corporations shall be commenced in the same manner as personal actions against natural persons. The summons and the accompanying complaint or notice aforesaid shall be served, and such service

held of the same effect as personal service on a natural person, by delivering a copy thereof as follows: . . .

"(13) If against any other foreign corporation, to any such officer being within the state, or to any agent having charge of or conducting any business therefor in this state. . . ."

Defendant's counsel raise the question of the appealability of the order setting aside the service. The setting aside of the service of a summons, if no further proceedings be had thereafter, puts an end to the action, and it is therefore clear that an appeal lies from such order. *State ex rel. Drury v. Town Supervisors,* 67 Wis. 274, 276, 30 N. W. 360. Such an order is materially different from an order denying a motion to set aside a service. In the latter case a judgment must first be entered, and the order is then reviewable on an appeal from the judgment. *Latimer v. Central E. Co.* 101 Wis. 310, 77 N. W. 155; *Welsher v. Libby, McNeil & Libby,* 106 Wis. 291, 82 N. W. 143; *Heinemann v. Pier,* 110 Wis. 185, 85 N. W. 646; *Hammond-Chandler L. Co. v. Industrial Comm.* 163 Wis. 596, 158 N. W. 292.

Appellant contends that Hanson, at the time of the service of the summons, had charge of or was conducting business for the defendant, and was therefore a proper person upon whom to serve the summons, so as to give the court jurisdiction of the defendant under the provisions of sec. 2637, Stats., above referred to.

It was held in *Fond du Lac C. & B. Co. v. Henningsen P. Co.* 141 Wis. 70 (123 N. W. 640) at p. 72:

"It is of course true that the courts of this state cannot acquire jurisdiction over persons not present in the state, except for the purpose of adjudicating with reference to property or status here located. This is an inherent limitation upon the power and jurisdiction of the state under our form of government, and cannot be escaped by reason of local statutes declaring such power."

Jurisdiction of a foreign corporation by service of process upon an agent cannot be acquired unless it can be deemed that such agent at the time of such service brought the corporation into the state, and unless the presence of such agent within the state amounts to the presence of the corporation. The mere presence of an agent of a foreign corporation in this state while not transacting business for the corporation, as for instance where he conducts business of his own, is not sufficient to give the court jurisdiction over the corporation. *Goldey v. Morning News,* 156 U. S. 518, 520, 15 Sup. Ct. 559; *Conley v. Mathieson A. Works,* 190 U. S. 406, 23 Sup. Ct. 728. Each case must depend upon its own facts, and their consideration must show that the essential requirement of jurisdiction has been complied with and that the corporation is actually doing business within the state. *Kendall v. Orange Judd Co.* 118 Minn. 1, 136 N. W. 291.

In *International H. Co. v. Kentucky,* 234 U. S. 579, 582, 34 Sup. Ct. 944, the subject was fully, ably, and logically discussed, and it clearly appears from the opinion in such case that service giving jurisdiction may be acquired upon a foreign corporation, even though such corporation through its agent at the time in question is transacting purely interstate business, and the distinction is clearly drawn between the doing of business by a corporation engaged solely in interstate commerce and that of intrastate business, as is contemplated by sec. 1770*b* of the Statutes of our state. In the *Harvester Case, supra,* the company, after having relinquished its intrastate business in the state of Kentucky, had given instructions to its agents by which they were limited to taking orders in Kentucky, which were subject to approval by the general agents without the state, and such instructions also explicitly directed that all goods of the company must be shipped from outside of the state, after the orders had been approved by the general agents in

other states or by the home office. In fact, agents were instructed that they had no authority whatever to make a contract in Kentucky. Such agents, however, were authorized to receive money or checks for debts due the company, or to take notes for the purchase price of goods, payable at any bank in Kentucky, but were expressly prevented from adjusting any disputed claims. In .its decision in the *Harvester Case* the supreme court of the United States used this language:

"Here was a continuous course of business in the solicitation of orders which were sent to another state and in response to which the machines of the Harvester Company were delivered within the state of Kentucky. This was a course of business, not a single transaction. The agents not only solicited such orders in Kentucky, but might there receive payment in money, checks, or drafts. They might take notes of customers, which notes were made payable, and doubtless were collected, at any bank in Kentucky. This course of conduct of authorized agents within the state, in our judgment, constituted a doing of business there in such wise that the Harvester Company might be fairly said to have been there, doing business, and amenable to the process of the courts of the state. . . . True, it has been held time and again that a state cannot burden interstate commerce or pass laws which amount to the regulation of such commerce; but this is a long way from holding that the ordinary process of the courts may not reach corporations carrying on business within the state which is wholly of an interstate commerce character. Such corporations are within the state, receiving the protection of its laws, and may, and often do, have large properties located within the state."

It is also contended by defendant that to subject the defendant to the service of process under the circumstances existing in the case at bar would illegally burden the transaction of interstate commerce. The state of Kansas enacted a statute which required the filing by a foreign corporation engaged in interstate commerce of a statement of its financial condition, and the obtaining of a certificate

Tetley, Sletten & Dahl v. Rock Falls Mfg. Co. 176 Wis. 400.

from the secretary of state showing that such statements had been filed, as a prerequisite to the right of the corporation to maintain a suit in that state, and the United States supreme court, in *International Textbook Co. v. Pigg,* 217 U. S. 91, 30 Sup. Ct. 481, declared such statute void for the reason that it placed an illegal burden upon interstate commerce and resulted in a regulation of such commerce by the state. The court in the *Harvester Case,* in reviewing the *International Textbook Company Case,* declared that the latter case did not hold that the fact that the corporation was carrying on interstate commerce business through duly authorized agents exempted it from suit within the state of Kansas by service upon the agents. See, also, *Kendall v. Orange Judd Co.* 118 Minn. 1, 136 N. W. 291; *Duluth Log Co. v. Pulpwood Co.* 137 Minn. 312, 163 N. W. 520.

The instant case falls clearly within the facts of the *Harvester Case,* and the law as laid down in the opinion of that case is logically applicable thereto. At the time the contract in question was signed Hanson was the agent in Wisconsin of the defendant. He had been such agent for a period of four years, and continued to act in such capacity at the time the process in question was served. While acting as such agent he solicited orders for the defendant in this state, and there was a continuous course of business in the solicitation of orders in this state, in response to which defendant's product was from time to time shipped into this state. This, under the *Harvester Case,* was a course of business, not a single transaction. Besides, the agent not only accepted plaintiff's check for $566, but cashed the same in Wisconsin and transmitted the proceeds to the defendant in Illinois. He also, in the form of an addendum to the contract, made an allowance to the plaintiff, for a specific purpose, of $21.50. During the four years while acting as such agent said Hanson in his representative capacity was entitled to and did receive the protection of the laws and the courts of this state. The transactions

for the sale of defendant's manufactured product were initiated by such agent, and the false representations which are the basis of the suit in question were made by the agent in his representative capacity. Under these circumstances it would be illogical and inconsistent to hold that these things can be done in this state and at the same time hold that the company is immune from the service of process upon its agents.

The learned circuit judge based his opinion chiefly upon cases involving business transactions coming under the provisions of sec. 1770*b* of the Statutes. In accordance with what has heretofore been said, such cases have no application to the point involved in the instant case.

We therefore hold that the circuit court was in error in setting aside the service of the summons, and the order of the circuit court in that behalf is therefore reversed, with instructions that the cause be remanded for further proceedings in accordance with the opinion herein.

*By the Court.*—Order reversed.