STATE EX REL. PENNSYLVANIA RAILWAY COMPANY and
      another, Petitioners, vs. CIRCUIT COURT FOR MIL-
      WAUKEE COUNTY and others, Respondents.

*October 13—November 8, 1922.*

*Prohibition: Refusal of trial court to set aside process: Railroads:
      Agent for service of process: Motions: Oral testimony:
      Certified transcript.*

1. While this court has heretofore expressed its doubt on the
   question as to whether oral testimony could be taken on a
   motion before the circuit court (*Will of Bilty,* 171 Wis.
   20), it is decided that if the official court reporter takes the
   testimony and certifies the transcript, such transcript may be
   presented to this court and considered as of the same effect
   as an affidavit.
2. Jurisdiction of the supreme court under its power of "general
   superintending control over all inferior courts" (sec. 3, art.
   VII, Const.) will be exercised only on some grave exigency,
   and the writs by which it is exercised will not be used to
   perform the ordinary functions of an appeal or writ of
   error; and a writ of prohibition will not issue on the refusal
   of the lower court to set aside process for lack of jurisdiction
   of defendant, when it appears probable that the service was
   sufficient. *Petition of Pierce-Arrow Motor Car Co.* 143 Wis.
   282, adhered to.
3. One having the title "district freight representative," who
   solicited business for a foreign railroad corporation, issued
   bills of lading to shippers, and signed the bills as agent, is
   an "agent" within the meaning of sub. (7), sec. 2637, Stats.
   1921, providing for service of process on foreign corpora-
   tions.

APPLICATION on the part of the petitioners for a writ
of prohibition commanding the respondents to desist from
any further proceedings in an action then pending in the
circuit court for Milwaukee county, wherein the respondent
*Chas. A. Krause Milling Company* is plaintiff and the peti-
tioners are defendants: GUSTAVE G. GEHRZ, Circuit Judge.
*Petition denied.*

A motion was made in the court below to dismiss said ac-
tion on the ground that the court had no jurisdiction by rea-
son of insufficient service on the defendants. In support of

State ex rel. Pennsylvania R. Co. v. Circuit Court, 178 Wis. 648.

the motion the defendants filed affidavits, and the plaintiff asked leave to produce oral testimony, which motion was granted and oral testimony was taken. Upon the evidence so produced on the motion the circuit judge made and filed findings of fact, from which he concluded as a matter of law that the service was good, and denied the motion. The petition herein brings before this court the proceedings of the lower court for review.

The petition sets forth the affidavits used on the motion, and the findings of the circuit judge, which findings are as follows:

I. "The summons herein was issued on the 27th day of March, 1922, and on said day the same was delivered to the sheriff of Milwaukee county with the intent that the same should be actually served upon the defendants, and each of them, and said summons was served upon the defendants, and each of them, on the 28th day of March, 1922, by delivering to and leaving with A. F. Ferguson a copy thereof; said A. F. Ferguson being a person in the employ of the defendant Pennsylvania Railroad Company with the title of 'District freight representative.'

II. "That the plaintiff, Charles A. Krause Milling Company, is a corporation organized under the laws of the state of Wisconsin and engaged in the business of millers and manufacturers of feed in the city of Milwaukee, Wisconsin. That the above entitled action was commenced for the recovery of loss and damage occasioned to three (3) carloads of feed consigned from Charles A. Krause Milling Company at Milwaukee, Wisconsin, to T. M. Dinsmore & Company of Baltimore, Maryland, which cars were routed from Milwaukee, Wisconsin, to Baltimore, Maryland, over the Chicago & Northwestern, Elgin, Joliet & Eastern and the Pennsylvania Railroads on bills of lading issued and delivered to the plaintiff at Milwaukee, Wisconsin.

III. "That the defendant Pennsylvania Railroad Company does not own or operate any line of railroad in the state of Wisconsin and its general office is and all of its officers reside and are without the state of Wisconsin; that the defendant James C. Davis is the director general of

railroads and is also the person appointed by the President as agent under the Transportation Act of 1920, and is the person against whom actions, suits, and proceedings may be brought under section 206 of the federal Transportation Act of 1920.

IV. "That the defendant Pennsylvania Railroad Company rents an office in the city of Milwaukee under a lease executed by some officer of the company at Philadelphia, Pennsylvania, the rent being paid directly by the lessee to the lessor. That the name 'Pennsylvania System' is the name applied by the defendant Pennsylvania Railroad Company to its various lines of railroads collectively, and said name Pennsylvania System appears upon the door of the office of the defendant Pennsylvania Railroad Company in the city of Milwaukee and also in the city and telephone directories of the city of Milwaukee, and underneath the name Pennsylvania System appears the name A. F. Ferguson, District freight representative. That Mr. A. F. Ferguson's duty is to solicit freight in Wisconsin and the northern peninsula of Michigan for transportation over the lines of the Pennsylvania Railroad Company, when the same is shipped by shippers in Wisconsin and the northern peninsula of Michigan to points reached directly by the lines of the Pennsylvania Railroad Company or to points beyond the termini of the Pennsylvania Railroad Company but which freight could be transported over the lines of the Pennsylvania Railroad Company as a connecting carrier; and that all such freight is accepted and carried by the Pennsylvania Railroad Company, and such contracts for the carriage of freight are closed in Wisconsin without previous approval thereof by any officer of the Pennsylvania Railroad Company outside of Wisconsin. That the defendant Pennsylvania Railroad Company also employs in Milwaukee, Wisconsin, a person who is given the title of traveling representative, whose duty it is to solicit freight in Wisconsin (outside the city of Milwaukee) and the northern peninsula of Michigan under the supervision and direction of said A. F. Ferguson and who reports directly to said A. F. Ferguson; that said A. F. Ferguson reports monthly to the defendant Pennsylvania Railroad Company at its general office in Philadelphia, Pennsylvania. That

State ex rel. Pennsylvania R. Co. v. Circuit Court, 178 Wis. 648.

said A. F. Ferguson issues exchange bills of lading to any shipper in Wisconsin or the northern peninsula of Michigan who desires the same while the goods are in transit over the lines of the Pennsylvania Railroad and signs said bills of lading 'A. F. Ferguson, Agent,' and delivers to the shipper said exchange bill of lading so signed upon surrender to him by the shipper of the original bill of lading. Through export bills of lading are issued and signed by Mr. A. F. Ferguson to any shipper in Wisconsin or the northern peninsula of Michigan desiring the same; provided the shipment is transported over some line of the defendant Pennsylvania Railroad Company before it reaches the ocean-going carrier. A. F. Ferguson has solicited freight shipments from the plaintiff and issued to the plaintiff exchange bills of lading.

V. "The defendant Pennsylvania Railroad Company also has in its employ at its Milwaukee office one J. M. Neafus, to whom it gives the title of 'District passenger representative.' Mr. J. M. Neafus' duties are to solicit passenger business in Wisconsin and the northern peninsula of Michigan for the defendant Pennsylvania Railroad Company. His duties are also to make Pullman reservations at Chicago, Illinois, for prospective passengers over the lines of the defendant Pennsylvania Railroad Company running out of Chicago and to notify such prospective passengers of the number of their Pullman berths or other reservations, the price of the same, the time when the train leaves Chicago, and other like information. If the prospective passenger is leaving the city of Milwaukee for points east of Chicago over the Pennsylvania System, Mr. Neafus at times purchases from the local ticket agent of either the Chicago & Northwestern Railway Company or the Chicago, Milwaukee & St. Paul Railway Company a through ticket from Milwaukee to destination and delivers to the prospective passenger such through ticket, collecting from such prospective passenger the whole amount of the railroad fare from Milwaukee to destination and then turning the amount so collected from said prospective passenger over to the agent of the Chicago & Northwestern Railway Company or the Chicago, Milwaukee & St. Paul Railway Company from whom said ticket was so purchased. Mr. Neafus makes

weekly reports to an officer of the company at Philadelphia, Pennsylvania.

VI. "The defendant Pennsylvania Railroad Company has other employees at its Milwaukee office, one of whom has the title 'Chief clerk,' another the title of 'Local representative,' and another 'Stenographer.'

VII. "The carrier who collects from the consignor or consignee the amount of freight paid for any shipment which passes over any of the lines of the Pennsylvania Railroad Company pays to said Pennsylvania Railroad Company its proportion thereof, and any carrier selling a passenger transportation, any part of which is over the lines of the Pennsylvania System, pays to the Pennsylvania system its proportion of such transportation.

VIII. "The defendant Pennsylvania Railroad Company receives a direct benefit by reason of its maintaining an office in the city of Milwaukee and through the services rendered to it in Wisconsin by A. F. Ferguson, J. M. Neafus, its chief clerk, its local representative, and its traveling representative, in that more passengers and freight are transported over its lines of railroad by reason thereof than would otherwise be so transported."

Respondent filed an affidavit on the hearing of the petition herein, showing that the cause of action below is for damage to three carloads of feed shipped by the plaintiff Milling Company from Milwaukee over the defendant's road on bills of lading, and delivered to defendant at Milwaukee, and that the amount of damage claimed is $313.07.

For the petitioners there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. Arthur Wickham,* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

For the respondents there was a brief by *Bottum, Hudnall, Lecher & McNamara* of Milwaukee, and oral argument by *Geo. B. Hudnall.*

CROWNHART, J.    Objection is taken to the proceedings of the court below, in that it took oral testimony on the motion to dismiss the case for lack of jurisdiction. The

State ex rel. Pennsylvania R. Co. v. Circuit Court, 178 Wis. 648.

motion was based on affidavits attempting to show that no valid service of the summons had been made. The taking of oral testimony on a motion before the circuit court has been considered in the following cases: *Amory v. Amory,* 26 Wis. 152; *Fowler v. Colton,* 1 Pin. 331; *Carr v. Commercial Bank,* 18 Wis. 255; *Cartright v. Belmont,* 58 Wis. 370, 17 N. W. 237; *Sweet v. Modern Woodmen,* 169 Wis. 462, 172 N. W. 143; *Will of Bilty,* 171 Wis. 20, 176 N. W. 220. In the latter case the court expressed its doubt on the subject, but said:

"However, we again reserve the question, preferring to withhold a definite decision thereof until it shall be necessarily involved and we have had the benefit of full argument thereon."

Sec. 113.20, Stats., provides that the official court reporter shall transcribe his notes in any proceeding had before the court upon request of a party, and sec. 4141, Stats., provides that such transcript being certified shall be received in evidence. Under these provisions a transcript of the oral evidence might have been presented to this court and considered as of the same effect as an affidavit. Such being the present law, we can see no objection to the taking of oral testimony on a motion before the trial court. The oral testimony is apt to be much more complete, satisfactory, and evidentiary than *ex parte* affidavits. Of course we would not approve taking oral testimony on a motion unless the official reporter takes the testimony, the same as in the trial of the case, so that a transcript is available on review.

In *Petition of Pierce-Arrow Motor Car Co.* 143 Wis. 282, 127 N. W. 998, this court laid down the general principles governing its exercise of the power of "general superintending control over all inferior courts" as follows:

"Those principles in substance are that this jurisdiction is not to be exercised upon light occasion, but only upon

some grave exigency; that the writs by which it is exercised will not be used to perform the ordinary functions of an appeal or writ of error; that the duty of the court below must be *plain;* its refusal to proceed within the line of such duty or, on the other hand, its intent to proceed in violation of such duty must be *clear;* the results must be not only prejudicial but must involve extraordinary hardship; the remedy by appeal or writ of error must be utterly inadequate; and the application for the exercise of the power of superintending control must be speedy and prompt."

We adhere to the rule thus laid down. Examining the instant case by this test, we are of the opinion that the writ should not issue. From the affidavit filed by the petitioners it sufficiently appears that it is at least probable that the service is sufficient. It is not such a clear case as calls forth the extraordinary powers of this court. Upon a full examination of the question, however, we come to the conclusion that the service of the summons was good.

As was said in *Connecticut Mut. L. Ins. Co. v. Spratley,* 172 U. S. 602, 19 Sup. Ct. 308:

"A vast mass of business is now done throughout the country by corporations which are chartered by states other than those in which they are transacting part of their business, and justice requires that some fair and reasonable means should exist for bringing such corporations within the jurisdiction of the courts of the state where the business was done, out of which the dispute arises."

In *Minneapolis T. M. Co. v. Ashauer,* 142 Wis. 646, 126 N. W. 113, this court held that sec. 2637, Stats. 1898, with reference to service, "indicates a policy of broad liberality in enabling personal jurisdiction over foreign corporations where the subject matter is properly within the jurisdiction of our courts." That section provides as follows:

"7. If against a railroad corporation whose general office is or all whose aforesaid officers shall reside or be without the state, to any station, freight, ticket or other agent thereof within the state."

The findings of fact of the lower court are a part of the petition herein, and it is not claimed that they are not correctly based on the evidence. Hence we may properly consider them here together with the affidavits presented on this application.

The person served in this case had the title of "District freight representative;" had an office with the rent paid by the company, and "Pennsylvania System" appearing on the door of the office, which is a general term applied to the Pennsylvania Railroad Company; "Pennsylvania System" appears in the telephone and city directories of Milwaukee, and underneath appears the name of the party served, with the title "District freight representative;" the representative solicited freight in Wisconsin and Northern Michigan for transportation over the company's lines; he issued exchange bills of lading to shippers; signed said bills of lading as "agent," and delivered the same to shippers; issued export bills of lading to shippers for shipments made over the company's line; he solicited the freight shipment from the plaintiff in the case below; he made monthly reports to the company. The company also had a "Traveling representative" in Wisconsin, who solicited freight outside the city of Milwaukee. It also had a "District passenger representative," who had an office with the agent served, and who performed similar duties with reference to passengers routed over the company's road. The company owned the office furniture wherein its representatives looked after its business.

From these facts it fairly appears that Ferguson, the party served, was an agent of the company within the meaning of that term as used in sub. (7), sec. 2637, Stats.

Many cases are cited in the briefs of counsel, but it would seem that this court is compelled to decide each case of this character upon the facts before it, and that no all-embracing rule can be laid down to determine what constitutes the doing of business by a foreign corporation such as to give

a state court jurisdiction. *St. Louis S. W. R. Co. v. Alexander,* 227 U. S. 218, 33 Sup. Ct. 245; *International H. Co. v. Kentucky,* 234 U. S. 579, 582, 34 Sup. Ct. 944; *Tetley, Sletten & Dahl v. Rock Falls Mfg. Co.* 176 Wis. 400, 187 N. W. 204.

*By the Court.*—The petition is denied.