PAULUS, Appellant, vs. HART-PARR COMPANY, Respondent.

*October 20—November 10, 1908*

*Foreign corporations: Service of summons: Actions arising out of business transacted in this state: Interstate commerce: Service after forfeiture of license.*

1. An order for machinery from the defendant, an Iowa corporation, was made and accepted in Iowa, but the machinery was delivered to plaintiff, payment therefor made, the machinery tested, the contract rescinded on account of failure to comply with warranty, and the property returned to defendant's agents, all in Wisconsin. In an action to recover the price paid, *held* that, even if the contract was an Iowa contract, the cause of action arose out of business transacted in this state, within the meaning of subd. 13, sec. 2637, Stats. (1898), and hence that the summons was properly served upon the assistant secretary of state of Wisconsin, who, after the contract was made but before delivery of the machinery, had been duly appointed by defendant, pursuant to sec. 1770*b*, Stats. (1898), as its attorney for service of summons, etc., in such actions.

2. The statutes above mentioned do not relate merely to state business, but include and apply to business transactions within this state even when they grow out of contracts made in other states for shipment of property into this state, thus involving interstate commerce.

3. The fact that defendant's license to do business in Wisconsin was revoked after the cause of action arose but prior to the service of the summons was immaterial, since under the statutes mentioned the right to serve upon the assistant secretary of state continued as long as any liability of the defendant remained outstanding in this state.

APPEAL from an order of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Reversed.*

The defendant is a foreign corporation. On January 1, 1906, plaintiff at Charles City, Iowa, signed an order for a gasoline engine, subject to approval by the defendant. By the terms of the order it was provided that plaintiff should pay $1,480 and freight and charges from Charles City, Iowa, to Bloomer, Wisconsin, for said engine, and also deliver a

certain twelve horse power steam engine and tank to the defendant, the $1,480 to be evidenced by three notes, one for $494 due December 1, 1906, one for $493 due December 1, 1907, and one for $493 due December 1, 1908, each drawing six per cent. interest and secured by first mortgage on the engine, and drawing eight per cent. after maturity. It also appears that these notes were executed and delivered at Bloomer, Wisconsin, payable in Charles City, Iowa, and bore date April 14, 1906. The order contained a warranty on the engine sold that "should any part (except batteries and belting, which are not warranted) prove defective within one year from date of sale, through inferior material or workmanship, the same shall be furnished by the *Hart-Parr Company*, on board cars at Charles City, Iowa, the defective parts to be returned prepaid to the *Hart-Parr Company* at its factory for inspection, and if found defective the charge made for the new parts furnished will be remitted." Further provision is made in the order for notice to the defendant in case of failure to fill warranty, and if the engine cannot be made to fill the warranty it shall be returned by the purchaser, free of charge, to the place where received, and the payments made refunded. It further provides that the title to said engine shall not pass from defendant until settlement is concluded and accepted by the defendant; that the engine should be shipped on or before the 15th day of April, 1906, or as soon thereafter as possible, to Bloomer, Wisconsin, in care of P. S. Peterson & Son, for the plaintiff.

The engine was delivered at Bloomer, Wisconsin, on or before June 7, 1906, and there paid for by delivery of the notes and steam engine. Afterwards and in due time the machine was tested and found not in compliance with the warranty, the sale rescinded, and the property delivered to Peterson & Son, defendant's agents at Bloomer, on or before September 16, 1906, and return of the notes and property delivered to defendant in payment thereof demanded, which

demand was refused. The engine was at Bloomer, Wisconsin, when this action was commenced, and alleged by plaintiff to be the property of the defendant.

This action was commenced by service of the summons on the assistant secretary of state January 27, 1908. The complaint, among other things, alleged that defendant was a foreign corporation authorized to do business in the state of Wisconsin; that the plaintiff promised to pay $1,892 for the engine, $62 being freight and charges, $350 allowed for the steam engine delivered to defendant, and the balance in notes as heretofore specified; that the engine purchased by plaintiff was not in accordance with the warranty and was of no value; that the defendant sold and transferred the promissory notes given in part payment for the engine to parties claiming to be innocent purchasers; that there was a total failure of consideration for the notes, property, and money given by plaintiff to the defendant in payment of the gasoline engine purchased, and that the defendant became indebted to the plaintiff in the sum of $1,892, for which sum, together with costs, plaintiff demanded judgment.

On the 25th day of January, 1906, the defendant qualified to do business in Wisconsin, certifying, among other things, (1) that its principal office within the state of Wisconsin was at Madison; (2) that the name and address of the agent or manager representing it in Wisconsin was R. P. Howard, Madison, Wisconsin; (3) that the nature of the business to be transacted in Wisconsin was to be the sale of gasoline engines and machinery; (4) that $25,000 of its capital stock was represented in Wisconsin by property or business there; (5) that it would comply with all the laws of the state of Wisconsin relating to foreign corporations. The defendant appointed the secretary of state and his assistant and their successors its attorneys to receive service of process in any action or proceeding against it, which service should have the same legal force, effect, and validity as if served on the cor-

poration, as long as any liability remained outstanding in the state of Wisconsin.

The plaintiff obtained judgment by default, and the defendant thereafter obtained an order setting aside the service and judgment with $10 costs of motion, on the ground that the defendant was a foreign corporation and not authorized to do business in the state of Wisconsin until the 25th day of January, 1906, and that the license to do business within this state was revoked April 1, 1907, from which order plaintiff appealed.

For the appellant there was a brief by *W. M. Bowe* and *Henry Lebeis, Jr.*, and oral argument by *Mr. Bowe.* They cited, among other cases, *Colorado I. Works v. Sierra Grande M. Co.* 15 Colo. 499; *Brown v. Gates*, 120 Wis. 349; *Hiller v. B. & M. R. R. Co.* 70 N. Y. 223; *Bruil v. N. W. Mut. R. Asso.* 72 Wis. 430; *Rosenblatt v. Jersey N. Co.* 90 N. Y. Supp. 816; *Boggs v. Inter-Am. M. & S. Co.* 105 Md. 371, 66 Atl. 259; *Youmans v. Minn. T. I. & T. Co.* 67 Fed. 282; *Johnston v. Trade Ins. Co.* 132 Mass. 432; *Groel v. United E. Co.* 69 N. J. Eq. 397, 60 Atl. 822; *Johnston v. Mut. R. L. Ins. Co.* 93 N. Y. Supp. 1048; *Fisher v. Traders' Mut. L. Ins. Co.* 136 N. C. 217, 48 S. E. 667; *Phelps v. Mut. R. F. L. Asso.* 112 Fed. 453; *Mut. R. F. L. Asso. v. Phelps*, 190 U. S. 147; *McCord L. Co. v. Doyle*, 97 Fed. 22.

*L. J. Rusk*, for the respondent, cited *Andrews v. Mich. Cent. R. Co.* 99 Mass. 534; *Desper v. Continental W. M. Co.* 137 Mass. 252; 2 Morawetz, Priv. Corp. (2d ed.) § 980; *Camden R. M. Co. v. Swede I. Co.* 32 N. J. Law, 15; *Peters v. Neely*, 16 Lea, 275; *Barrow S. Co. v. Kane*, 170 U. S. 100; *Council Bluffs C. Co. v. Omaha T. Mfg. Co.* 49 Neb. 537, 68 N. W. 929; *Hayden v. Androscoggin Mills*, 1 Fed. 93; *Pinney v. Providence L. & I. Co.* 106 Wis. 396, 50 L. R. A. 577, note on pp. 591, 597; *Loverin & B. Co. v. Travis*, 135 Wis. 322, 115 N. W. 829; *Catlin & P. Co. v. Schuppert*, 130 Wis. 642; *U. S. G. Co. v. Gleason*, 135 Wis. 539, 116

N. W. 238; *Greek-Am. S. Co. v. Richardson D. Co.* 124 Wis.
469; 2 Parsons, Cont. *582; *Brown v. Gates,* 120 Wis. 349;
*Mut. R. F. L. Asso. v. Boyer,* 62 Kan. 31, 50 L. R. A. 538;
*Swann v. Mut. R. F. L. Asso.* 100 Fed. 922; *Greaves v. Pos-
ner,* 111 Iowa, 651, 82 N. W. 1022.

KERWIN, J.   Passing the question as to whether defend-
ant had property in the state of Wisconsin at the time of serv-
ice upon the assistant secretary of state, we proceed to exam-
ine the other ground urged by appellant to sustain the serv-
ice, namely, that the cause of action arose out of business
transacted in this state.   Subd. 13, sec. 2637, Stats. (1898),
provides, in effect, that in an action against a foreign corpo-
ration service may be made upon the secretary of state, "as
provided in sec. 1770*b*," but that such service can be had
upon the secretary of state only when the cause of action
arises out of business transacted in this state, or when the
defendant has property therein.   Clause "f" of subd. 3, sec.
1770*b*, Stats. (Supp. 1906), provides that a foreign corpora-
tion, in qualifying to do business in this state, "shall consti-
tute and appoint the secretary of state its true and lawful
attorney upon whom the summons, notices, pleadings or pro-
cess in any action or proceeding against it may be served in
respect to any liability arising out of any business, contract
or transaction in this state, and stipulate that service thereof
upon the secretary of state, or his assistant, shall be accepted
irrevocably as a valid service upon it, and that such appoint-
ment and stipulation shall continue in force irrevocably so
long as any liability of such corporation remains outstanding
in this state."   The defendant fully complied with the pro-
visions of sec. 1770*b* on the 25th day of January, 1906, and
before the engine was delivered at Bloomer, Wisconsin.
Afterwards and on April 1, 1907, the license of defendant
was forfeited because of failure to file an annual report as
required by the statute.   In complying with sec. 1770*b* the

defendant certified that the nature of the business to be transacted in Wisconsin was the sale of gasoline engines and machinery, and filed with the secretary of state, in compliance with sec. 1770b, the appointment of the secretary of state and his assistant and their successors in office as its attorneys, upon whom all summons, notices, pleadings, and processes, in any action or proceeding against such corporation, should be served; and by said appointment it agreed that such service should be of the same legal force and effect and validity as if served upon the defendant, and that such appointment should continue in force and effect as long as any liability remained outstanding against it in the state of Wisconsin.

This appointment was strictly in compliance with the statute and authorized the service of the summons upon the assistant secretary of state, provided the cause of action upon which suit was brought arose out of a business transaction in Wisconsin. True, the order for the machinery was made and accepted in the state of Iowa, but the machinery was delivered and received by plaintiff in Wisconsin, payment made there, test of machinery made there, contract rescinded on account of failure to comply with warranty, and property returned to the agents of defendant at Bloomer, Wisconsin, because not in compliance with warranty. Even if the contract for the purchase of the machinery was an Iowa contract, which we do not decide, still the whole transaction resulting in the cause of action clearly shows that at least a considerable part of the business out of which the cause of action arose was transacted in Wisconsin.

Counsel for respondent insists that the statutes referred to respecting service upon the secretary of state or his assistant relate to "state business" and not to interstate business. But we cannot think the legislature intended to exclude a business transaction within the state because it grew out of a contract made beyond the state for the shipment of property

into the state, even though such contract involved interstate business. It being established that part of the business out of which the cause of action arose was transacted within this state and before defendant's license was revoked, it necessarily follows, upon well-settled principles, that the service upon the assistant secretary of state was sufficient. *Hiller v. B. & M. R. R. Co.* 70 N. Y. 223; *Farrior v. New Eng. M. S. Co.* 88 Ala. 275, 7 South. 200; *State v. Bristol Sav. Bank,* 108 Ala. 3, 18 South. 533.

It is also insisted that, after defendant's license to do business in Wisconsin had been revoked, service could not be made upon the assistant secretary of state under the appointment. This position we think untenable, under the statutes heretofore referred to, as well as the power which continued in force irrevocably the appointment of the secretary of state and his assistant to receive service of process as long as any liability of the defendant remained outstanding in the state of Wisconsin. The cause of action arose before the defendant's license was forfeited and remained an outstanding liability against the defendant when this action was commenced. Hence the fact that at the time the action was commenced the defendant had removed from the state does not affect the service. The right to serve upon the assistant secretary of state continued so long as any liability remained outstanding in the state. *Hardy v. Ketchum,* 67 Fed. 282; *McCord L. Co. v. Doyle,* 97 Fed. 22; *Boggs v. Inter-Am. M. & S. Co.* 105 Md. 371, 66 Atl. 259; *Groel v. United E. Co.* 69 N. J. Eq. 397, 60 Atl. 822.

*By the Court.*—The order appealed from is reversed, and the action remanded for further proceedings according to law and this opinion.