SILVERMAN, Respondent, vs. KAUKAUNA GAS, ELECTRIC
LIGHT & POWER COMPANY, Appellant.

*November 15—December 5, 1911.*

*Corporations: Authority of agent to procure insurance: Acceptance
of policy: Cancellation: Broker's right to recover amount paid
as earned premium.*

Where the manager of a corporation had authority to obtain in-
surance for it, subject, at most, to the right of the corporation
to elect not to keep the policies if the president passed un-
favorably upon them, that reservation did not give the corpora-
tion a right to keep a policy and enjoy the insurance under it

for a considerable period and then return it as never having been accepted for any purpose; and upon a policy being returned for cancellation under such circumstances, a broker who had procured it at the request of the manager was entitled to recover from the corporation the amount which he was obliged to pay as earned premium on the policy.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to recover on contract.

The claim of the plaintiff was that, at defendant's request, he obtained for it $5,000 personal injury liability insurance, and delivered the policy, which, after keeping some time, it returned for cancellation; that the cancellation was effected accordingly; plaintiff paying the casualty company as earned premium $150, whereby defendant became indebted to him in such sum, which it refused to pay.

The claim of the defendant was that, having casualty insurance in the Casualty Company of America which was about to expire, and supposing the plaintiff to be the company's agent, it notified him to renew the policy; that without authority he placed the insurance in another company, obtaining a policy accordingly, which it refused to accept.

The evidence tended to show this: Plaintiff, as an insurance broker, had for some three years before the time in question obtained defendant's insurance in the Casualty Company of America. Some little time before the policy was to expire Mr. Trottman, the general manager of defendant, requested plaintiff to secure a renewal. Mr. Seifert had a business connection with defendant as accountant. Trottman had been accustomed to negotiate for insurance for defendant. He, as its manager, authorized plaintiff to renew the insurance existing in the Casualty Company of America. That was done subject to the insurance company's approval. It refused to carry the risk at the old rate, whereupon, plaintiff acquainted Trottman thereof and advised him that as good insurance and favorable terms could be obtained by

placing the risk in some other company. Trottman there-upon said that such course would be satisfactory. Follow-ing that, plaintiff placed the risk in the American Fidelity Company, obtaining two policies. They were submitted to Trottman and met with his approval, except as to one matter, which was corrected. The policies were then delivered to Mr. Seifert, who accepted them so far as he had authority to do so. After keeping the policies some time he sent them to Mr. Pereles, president of defendant, who promptly re-jected them, sending them to plaintiff with notice to have them canceled. Plaintiff was told that Mr. Pereles would finally have to accept the policies; that they were, however, satisfactory to Mr. Trottman and Mr. Seifert who were au-thorized to negotiate for insurance. When the policies were delivered to Seifert he assured plaintiff the pay would be sent on in a few days. Nothing was said about Mr. Pereles having to pass on the policies till after they had been pro-cured by Mr. Trottman's orders. He or Seifert kept the policies for some time. They were finally returned to plaint-iff for cancellation and were, in due course, canceled, plaint-iff paying about November 25, 1908, for the time the insur-ance was in force at the rates charged by the company in such cases, $150.

The case was submitted to the jury to say whether plaint-iff obtained the policies upon the order of defendant through its duly authorized agent, and in case of a finding in the af-firmative to render a verdict for plaintiff for the amount claimed, otherwise to render a verdict for defendant. Plaint-iff prevailed and judgment was rendered accordingly.

For the appellant there were briefs by *Nath. Pereles & Sons,* and oral argument by *Charles N. Canwright.*

*Charles E. Hammersley,* for the respondent.


MARSHALL, J. It is considered that the court would not be justified in discussing the matters submitted, in view of

the record. It was a very simple case. The court rightly ruled that, if respondent dealt with an authorized agent of appellant in obtaining the insurance, it was liable to him for the expense he incurred in respect to the matter up to the time the policies were canceled by its order. That certainly was the only jury question in the case, if there were any. The appellant had the benefit of the insurance for quite a period of time. It was required to pay only the cost to respondent of such benefit.

As we read the record, there is no room for fair controversy but that Trottman had authority to place the insurance, subject, at the best for appellant, to the right to elect not to keep the policies, upon the president of the company passing unfavorably upon the matter. That reservation did not give appellant the right to keep the policies and enjoy the insurance for a considerable period of time and then return them as never having been accepted for any purpose. The most appellant could well claim, under the circumstances, was the right to have the policies canceled as to any liability for insurance under them after the notification to cancel. That right was conceded by respondent and recognized by the judgment appealed from. We are unable to see any reason why it should be disturbed. The trial court seems to have taken as favorable a view of the case as could reasonably have been done in holding that it was involved in sufficient uncertainty to require jury interference to arrive at the right of the matter.

*By the Court.*—Judgment affirmed.