## JOHN LATTU v. ONTARIO & MINNESOTA POWER COMPANY, LIMITED.[1]

November 19, 1915.

Nos. 19,393—(60).

**Summons — service on foreign corporation.**

> Evidence presented on a motion to set aside the service of a summons on a foreign corporation considered, and *held* to show that such corporation was doing business in this state of a character and extent necessary to warrant the inference that it had subjected itself to the jurisdiction and laws of this state.

Action in the district court for St. Louis county. The Ontario & Minnesota Power Company, Limited, obtained an order to show cause why the attempted service of the summons upon the president of that company should not be set aside. From the order denying the application, Dancer, J., the Ontario & Minnesota Power Company, Limited, appealed. Affirmed.

*Harris Richardson* and *Walter Richardson,* for appellant.

*Archer & Pickering,* for respondent.

BUNN, J.

Defendant Ontario & Minnesota Power Company, Limited, moved the trial court to set aside the service upon it of the summons in this action, and from an order denying this motion, appealed to this court.

The action was brought against the three defendant corporations, Rainy River Improvement Company, Minnesota & Ontario Power Company, and Ontario & Minnesota Power Company, Limited, to recover $750 damages alleged to have been caused by the flooding of plaintiff's land in St. Louis county, Minnesota, by defendants raising the waters of Rainy river, Namakan and Kabetogama lakes by means of a dam maintained by defendants at Kettle Falls at the outlet of Namakan lake and extending from a point in St. Louis county across this outlet to a point

[1]Reported in 154 N. W. 950.

in Canada, the outlet being a portion of the boundary line between the United States and Canada. Plaintiff also asked an injunction restraining defendants from raising the water in Kabetogama lake so as to overflow his land.

The summons was attempted to be served upon defendant Ontario & Minnesota Power Company, Limited, by delivering to E. W. Backus, the president thereof, at International Falls, Minnesota, a true copy thereof. On an affidavit of the treasurer of this defendant stating that Backus was, at the time of the attempted service, temporarily in International Falls; that the defendant is not and never has been a citizen or resident of Minnesota; that it has not and never has had any office or place of business in Minnesota; is not and never has been authorized to do business in Minnesota; does not and never has transacted any business in said state, and has not authorized or empowered anyone at any time to accept service for or on its behalf in said state, an order was made requiring plaintiff to show cause why the attempted service should not be set aside upon the ground that the court had no jurisdiction. In response to this order plaintiff presented the affidavits of his attorneys and certain exhibits. The hearing resulted in the order appealed from.

Ontario & Minnesota Power Company, Limited, is a corporation organized and existing under the laws of Canada. Mr. E. W. Backus, its president, resides in Minneapolis. There can be no doubt that he was an agent "of sufficient rank and character as to make it reasonably certain that the corporation will be notified of the service." Denver & R. G. R. Co. v. Roller, 100 Fed. 738, 41 C. C. A. 32, 49 L.R.A. 77. It is clear also that there is a statute of this state making the corporation amenable to suit here. G. S. 1913, § 7735. Therefore, two of the conditions necessary to give a court jurisdiction *in personam* over a foreign corporation exist. Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569; W. J. Armstrong Co. v. New York Central & H. R. R. Co. 129 Minn. 104, 151 N. W. 917. The only question is whether the corporation was doing business in Minnesota "in such a manner and to such an extent as to warrant the inference that through its agents it was present there." Green v. Chicago, B. & Q. Ry. Co. 205 U. S. 530, 27 Sup. Ct. 595, 51 L. ed. 916.

That the foreign corporation must be doing business in this state, in order that a service upon an agent here will constitute due process of law, is plain. But, if the corporation transacts business within the state of such a character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the state where the service is made, such a service constitutes due process of law. W. J. Armstrong Co. v. New York Central & H. R. R. Co. supra, and cases cited. Atkinson v. United States Operating Co. 129 Minn. 232, 152 N. W. 410, and cases cited.

Do the affidavits fairly show that this foreign corporation was doing business in Minnesota of a character and extent necessary to warrant the inference that it had subjected itself to the jurisdiction and laws of this state? We first have the statement of defendant's treasurer, W. F. Brooks of Minneapolis, that defendant "does not transact and never has transacted business in said state." The affidavits on behalf of plaintiff may be summarized as follows: Mr. Backus, the president of the Canada corporation is also the president of each of the other defendants; he is the active business manager of the Ontario Company, and maintains an office for the transaction of business at International Falls, Minnesota. It is stated, on information and belief, that all of the directors and officers of this company live in this state, and that the active management and control of its affairs is carried on in Minnesota, and its business affairs directed therein. Then follow statements as to the ownership of the capital stock of this defendant, statements made on information and belief as to the "real purpose" of defendant, statements as to contracts entered into between this defendant and the other defendants. The affidavits state that the Minnesota & Ontario Company maintains and operates a paper mill at International Falls, and that there is constructed across the Rainy river at International Falls a dam, which is owned jointly by the Rainy River Company and the Ontario Company, that the dam operates a plant on the Canadian side for the generation of electric power and light and that this plant is, on information and belief, owned by the Ontario Company, which furnishes and delivers to the Minnesota Company, at its plant at International Falls, electric power which is used in this plant, and to furnish electric light and power to the city and its inhabitants. The dam at Kettle Falls was constructed on the

Canadian side by the Ontario & Minnesota Company and on the American side by the Rainy River Company; the Ontario Company owns that portion of the dam which is on the Canadian side, and the Rainy River Company that portion of the dam which is on the American side. This dam is one structure, and causes the waters of the Minnesota lakes before mentioned to rise several feet in height, and to flood plaintiff's land, as well as other lands on the Minnesota side. The affidavits state that the Ontario Company, with the other defendants, thus cause the water in the lakes to rise to an unusual height and there to be maintained.

There are many other statements in the affidavits, but the foregoing covers really all that bears directly on the question whether the defendant Ontario & Minnesota Company was doing business in this state. It comes down to two points: (1) The statement, on information and belief, that the company owns an electric light and power plant on the Canadian side, and that it furnishes and delivers to the Minnesota & Ontario Company at International Falls, Minnesota, electric power which is used in the mill at International Falls, and furnished to the city and its inhabitants; (2) the evidence that the dam at Kettle Falls, owned by the Ontario Company on the Canadian side and by the Rainy River Company on the Minnesota side, raises the water in the Minnesota lakes to an unusual height, and maintains it at that height, thereby flooding Minnesota lands.

The question is somewhat technical, and it is rather difficult to see how its decision either way will much benefit or damage either party, as it is not questioned that plaintiff has secured jurisdiction of two solvent corporations, and it is clear that whether those defendants, or the appellant, pays a verdict, is mainly a matter of bookkeeping. However, we do not treat the question as moot, but decide it as if it was of real moment to the parties. We hold, in accordance with what we believe to be the law as gathered from the many authorities, that it appears sufficiently that this foreign corporation was doing business in Minnesota, of such a character and extent as to warrant the inference that it has subjected itself to the jurisdiction and laws of this state. We base this holding upon the entire record, but particularly upon the showing as to the sale of electric current at International Falls, and the continued raising of the water in the Minnesota lakes, and the continued flooding of Minnesota

lands.   It is true that the ownership of the electric plant by the Ontario Company is stated on information and belief, but this was a fact peculiarly within the knowledge of the defendant, and there was nothing by way of denial of the statement.   The charge as to Kettle Falls dam, and its causing the lakes to rise and flood land in Minnesota is not made upon information and belief, and is not denied.   The theory that because this defendant owns only that part of the dam on the Canadian side, it cannot be said that it has raised Minnesota waters or flooded Minnesota lands, is fanciful.

Order affirmed.   ————————