## DULUTH LOG COMPANY v. PULPWOOD COMPANY.[1]

June 29, 1917.

Nos. 20,355—(187).

**Process — service of summons on foreign corporation in Minnesota.**

Where a foreign corporation sends its agent or representative into this state to solicit the sale of pulpwood to it, to be delivered in this state, and he procures contracts therefor signed by the seller of such pulpwood, and then forwards them to such corporation for its signature, it is doing business in this state, and the service of a summons upon such agent within this state is a valid service upon the corporation.

Action in the district court for St. Louis county to recover $30,000 for breach of contract. Defendant appeared specially and obtained an order directing plaintiff to show cause why defendant's motion to set aside the service of the summons should not be granted. From an order, Dancer, J., granting defendant's motion for an order setting aside the service of summons and complaint, plaintiff appealed. Reversed.

*Baldwin, Baldwin & Holmes,* for appellant.

*H. G. Gearhart,* for respondent.

QUINN, J.

Action to recover damages for breach of contract. The summons and complaint were served upon one Charles C. Foster, an employee of defendant at Duluth in this state, on December 9, 1916. Defendant appeared specially and moved to set aside the service upon the grounds and for the reasons following: (1) Because defendant is not engaged in and does not transact business in this state; and (2) because Foster was not an agent of defendant. This motion was granted by the district court and plaintiff appealed.

The plaintiff is a Minnesota corporation with its principal place of business in this state. Defendant is a foreign corporation engaged in

1Reported in 163 N. W. 520.

the purchase and manufacture of pulpwood, with its principal place of business in Appleton in the state of Wisconsin. In December, 1910, plaintiff entered into a contract with defendant for the sale and delivery f. o. b. cars at Duluth, Minnesota, of not less than 20,000 nor more than 30,000 cords of pulpwood. Plaintiff, as appears from the showing, delivered 19 cars thereof, when defendant refused to receive or pay for any more, and this action is brought to recover damages for the alleged breach of that contract.

On December 9, 1916, Foster, upon whom service had been made, was in the employ of defendant, and his duties were to solicit throughout northern Minnesota and Wisconsin, sales of pulpwood to defendant at prices fixed by it, to fill out blank contracts of sale between the sellers and defendant, to procure the sellers' signatures thereto, and then to forward the same to defendant at its office in Appleton for approval and signature. These contracts all provided for the delivery of the wood f. o. b. cars at Duluth, Minnesota. Defendant has been engaged in this business conducted in a similar manner and upon a large scale for several years. Foster had been so engaged for a considerable time when the summons and complaint were served, and others before him had been rendering like service to defendant. Foster received a salary of $150 per month and traveling expenses. It was his duty to procure these contracts for defendant. He did so and then forwarded them to defendant's home office. Such contracts were enforceable against the seller upon being signed by defendant, and the material so purchased in Minnesota was to be delivered to the defendant in Minnesota. Defendant has no office or place of business and no agent for the acceptance of service of process in Minnesota, and has in no manner complied with the laws of this state regulating the doing of business herein by foreign corporations. We think, under the holding in Fond du Lac C. & B. Co. v. Henningsen Produce Co. 141 Wis. 70, 123 N. W. 640; Hagerty v. National F. & T. Co. supra, page 119, 162 N. W. 1068, that defendant was doing business within the state of Minnesota, and that the service upon Foster was a valid service upon defendant.

The order appealed from is reversed.