## LOUIS F. DOW COMPANY v. FIRST NATIONAL BANK OF MALTA, MONTANA.[1]

July 21, 1922.

No. 22,787.

**When jurisdiction on foreign corporation is not obtained by service on a resident president.**

1. Jurisdiction cannot be obtained of a foreign corporation by service of summons upon its president, a resident of this state, unless the corporation, at the time of the service, is doing business within the state.

**National bank not engaged in business in Minnesota.**

2. Upon this record it cannot be held that defendant, a national bank, limited by law both as to locality and kind of business, was engaged in business in this state at the time the summons was served.

Action in the district court for Hennepin county to recover a balance of $1,817.58 upon a contract. Defendant appeared specially and moved to vacate the service of the summons and dismiss the action. The motion was denied, Montgomery, J. From the order denying its motion to vacate the summons and dismiss the action, defendant appealed. Reversed.

*Lancaster, Simpson, Junell & Dorsey* and *Leavitt R. Barker,* for appellant.
*Barrows & Metcalf,* for respondent.

[1]Reported in 189 N. W. 653.

HOLT, J.

Defendant appeared specially and moved to vacate the service of the summons. From the order denying the motion it appeals.

Plaintiff, a domestic corporation, and defendant, a national bank of Malta, Montana, duly organized under the laws of the United States, entered a written contract on July 30, 1919, whereby plaintiff was to furnish and install fixtures and interior finish in defendant's banking room at Malta. A few days later an oral contract was made to make alterations in the bank building. The contracts were made here, the president of defendant acting for it. The president looked after the interests of the bank while the work under the contracts progressed, made part of the payments from the office in Minneapolis, where he managed another corporation, and, with the aid of another officer of the bank, negotiated for a settlement. The action is to recover a claimed balance of $1,817.58, with interest since January 15, 1920, when the work was done.

The summons was served upon A. M. Sheldon in Minneapolis, Minnesota, on September 7, 1921. He was then president of the bank, and for some time prior thereto had been and still is a resident of Minneapolis. F. P. Sheldon has likewise been a resident of that city since prior to the making of the contracts. These two persons and the Sheldon Bros. Company, a domestic corporation, engaged in the banking and investment business in Minneapolis, own 332 of the 600 shares of the issued stock of defendant, 268 shares being owned by Montana residents. The communications in respect to the work while in progress as well as negotiations for settlement seem to have been by mail. Some of the letters are from the assistant cashier of the bank at Malta, but most of them to plaintiff are from Sheldon Bros. Company signed by A. H. Sheldon, and from A. M. Sheldon personally. One or two from the company are signed by F. P. Sheldon, and he wrote a letter or two as president of the defendant. The last communication addressed to plaintiff, in the record, was February 26, 1921. More than six months thereafter, the service of the summons was made.

It may be assumed, for the purposes of this decision, that the parties named were authorized to act for defendant at the times

they or either of them undertook to do anything in its behalf. We shall also assume the contracts valid. We think no Federal statute either expressly or impliedly forbids a national bank from entering a contract in another state with a foreign corporation to equip or improve its banking room or building. We shall likewise take for granted that under the Federal Banking Act of July 12, 1882, and the Federal Judicial Code a national bank of Montana is as amenable to suit here as is a state bank of that state. Since the summons was served upon a proper officer of the defendant, there remains only the question of the presence of defendant in the state at that time so that jurisdiction could attach by the service.

It is settled by the decision of the Federal courts, and they must control, "that foreign corporations can be served with process within the state only when doing business therein." Peterson v. Chicago, R. I. & P. Ry. Co. 205 U. S. 364, 27 Sup. Ct. 513, 51 L. ed. 841. That the president and majority stockholders of the bank reside and do their business in this state does not bring the bank here, unless it is engaged here in business of its own, and was so engaged at the time the summons was served. In Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569, the court [at page 610] says: "We think the evidence in this case shows that the company was doing business within the state at the time of this service of process." To the same effect is St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. ed. 222, where the question is considered quite fully. For the determination of the question whether this defendant was doing business in this state when the summons was served, consideration must be given to what business a national bank may carry on and the place where it must be done.

The Congress has confined national banks to a strictly banking business to be conducted in the locality or place specified in its articles of organization. It can conduct no part of its general business in any other city or state. Hence the business such an institution is capable of doing outside its location must be limited to something that might be termed incidental, such as procuring the necessary banking outfit and stationery. The only business which the record shows was ever done in this state by defendant was entering

into the contracts in this action for alterations in its bank building at Malta, Montana, and for the interior finish of its banking room and the installation of bank furniture and fixtures therein. The parties to the contracts, no doubt, contemplated that labor and materials therefor might be procured outside of Montana, but that was a matter of choice with plaintiff. As between plaintiff and defendant performance was to be at Malta. The fact that the contracts were negotiated and signed in this state must, therefore, not be unduly stressed in determining whether defendant was doing business when the attempted service was made. The two contracts went to but one matter, the change in and equipment of the bank's place of business. It was an incidental, isolated transaction, not a part of its general or usual business. It was of the sort designated "a sporadic case" in Lumbermen's Ins. Co. v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. ed. 810. Even if the entering of these isolated contracts could be found doing business within the state while the work was under way, a legal proposition which we do not concede, it nevertheless seems to us that a failure, because of a dispute or otherwise, to pay therefor does not continue or prolong doing business so that jurisdiction can be obtained by serving upon a resident officer who at some time previously acted for defendant in the matter of the contract and tried to settle the dispute. The record shows that for months prior to the service of the summons nothing had been done in this state with reference to these contracts or their adjustment by any one in behalf of defendant.

The instant case is to be differentiated from the one where a foreign corporation has gone into a state and with its citizens entered into contracts of extended duration and containing mutual obligations, such as insurance policies, from which the corporation continues to receive benefits from time to time. In such a case, when sued on its contract so made in the state, it cannot escape from a finding that it is doing business, although it has formally withdrawn from the state and seeks no new business therein. Connecticut Mut. Life Ins. Co. v. Spratley, supra; Mutual Reserve Fund Life Assn. v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. ed. 987; Com-

mercial Mut. Acc. Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. ed. 782.

In the cases involving jurisdiction of a foreign corporation in this court it will be found that when the service of summons was sustained the facts disclose that the corporation was then doing business in the state, or else was held to be present under the principle stated in the preceding paragraph.

In Atkinson v. U. S. Operating Co. 129 Minn. 233, 152 N. W. 410, L. R. A. 1916E, 241, there was evidence of the employment of agents in the state selling the stock of the corporation from which numerous controversies arose, to settle which the secretary of the corporation on several occasions came to this state both before and after the summons was served on the president, a resident here. It was a continuing business when the service was made in Lattu v. Ontario & M. P. Co. Ltd. 131 Minn. 162, 154 N. W. 950; Jenks v. Royal Baking Powder Co. 131 Minn. 335, 155 N. W. 103; Prigge v. Selz, Schwab & Co. 134 Minn. 245, 158 N. W. 975; Hagerty v. National F. & T. Co. 137 Minn. 119, 162 N. W. 1068; Duluth Log Co. v. Pulpwood Co. 137 Minn. 312, 163 N. W. 520.

The case of Fond du Lac Cheese & B. Co. v. Henningsen Produce Co. 141 Wis. 70, 123 N. W. 640, cited by respondent, also indicates that the one upon whom service was made was then in the state for the purpose of transacting the business of the foreign corporation. Presence in this state of a foreign corporation for the purposes of a valid service of process cannot, save in exceptional cases, be found from the fact that a year or two previous to the attempted service it transacted some business, especially when, as here, the transaction was an isolated one of an incidental nature, and where the corporation is incapable of conducting any part of its usual or ordinary business in the state.

The cases that come nearer supporting the ruling of the learned trial court than any which have come to our attention are St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. ed. 486, Ann. Cas. 1915B, 77, and Reynolds v. Missouri, K. C. & T. Ry. Co. 224 Mass. 379, 113 N. E. 413 (affirmed on the authority of the Alexander Case in 255 U. S. 565, 41 Sup. Ct. 446, 65 L. ed. 788).

In the case first mentioned the defendant, a Texas railroad corporation, sued in New York, and another railroad company had a traffic arrangement under which an office with agents was maintained by the two companies in the city of New York. The agents' duties were to take up and investigate claims and attempt settlements for shipments to New York, delivered to defendant or its associate as initial carriers in other states. The service made upon an officer of defendant residing in New York was sustained, because at the time of the service the office was maintained and the agents were employed in New York for the transaction of a part of defendant's business there. The same was the situation in Reynolds case. We think, under the principles indicated by the decisions of the Supreme Court of the United States in the cases already cited and in People's Tobacco Co. v. American Tobacco Co. 246 U. S. 79, 38 Sup. Ct. 233, 62 L. ed. 587, Ann. Cas. 1918C, 537, and the authorities therein referred to, defendant was not doing business in this state when the service was attempted.

What was said in Strom v. Montana C. Ry. Co. 81 Minn. 346, 84 N. W. 46, concerning the statute for service upon a foreign corporation which has property within this state, "or the cause of action arose therein," can have no application, for the clause quoted is not now in our code, and, in any event, jurisdiction depends upon the fact whether or not defendant was doing business in the state when the service was attempted.

Order reversed.

HALLAM, J. (concurring.)

I concur on the ground that the transaction was an isolated and casual one. It does not seem to me that a banking corporation is liable to suit in every state where it purchases equipment and supplies.

BROWN, C. J. (dissenting.)

I dissent: The Sheldons, as stated in the opinion of the court, were the officers and agents of defendant, residing and performing their duties to the bank at their offices in the city of Minneapolis,

this state. They were the controlling owners of the bank, and had authority to and in fact entered into the contracts in question at their offices in this state, and thereby bound the bank to the obligations thus created. Plaintiff, a Minnesota corporation, with its place of business also in this state, fully performed the contracts and during the time thereof, extending over a period of a year and a half, the Sheldons, for the bank, from their Minneapolis offices, made periodical payments as the work of performance progressed. On the completion thereof a controversy arose as to the balance due, plaintiff claiming more than defendant was willing to concede. For an adjustment and settlement of the dispute defendant, through its cashier and from its banking house in Montana, referred plaintiff to the Sheldons for a personal conference at their Minneapolis office as the best method of reaching an understanding and settlement of the dispute. The conference was had at the office of the Sheldons and an effort made to adjust differences between the parties but without success; no settlement was reached. Here the matter seems to have been dropped for four or five months when this action was brought by plaintiff to recover the amount claimed to be due. The summons was served, as provided for by G. S. 1913, § 7735, on one of the Sheldons, then president of the bank, and who participated in the original transaction and the attempt to effect a settlement of the controversy, at his office in this state; the relation between the bank and the Sheldons being then the same as when the contracts were entered into.

The contention of defendant, in effect sustained by the court, that on the facts stated defendant was not doing business in this state at the time in question, of a character to expose it to suit in our courts, seems directly in conflict with Atkinson v. U. S. Operating Co. 129 Minn. 232, 152 N. W. 410, L. R. A. 1916E, 241, and the decision of the Supreme Court of the United States, the final authority in such cases, in St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. ed. 486, Ann. Cas. 1915B, 77. And the further holding of the court, based on a concession, for the purposes of the case, that defendant was in fact doing business in the state up to the point when

the negotiations for a settlement terminated, that, since it does not appear that the bank was transacting other business in the state at the time the summons was served, the service in question, though upon the accredited officer and agent of the bank, with whom the transactions were had, still representing the bank in this state, was unauthorized and ineffectual for any purpose, is at variance with the general rule that the corporation in such case cannot by suspending activities in the state escape the jurisdiction of the courts thereof as to past transactions. 21 R. C. L. 1344. That rule is well settled and applies to foreign corporations which do not comply with our statute, yet by business transactions here entered into incur obligations to be performed therein. In theory of the law in such case the foreiegn corporation is present within the state at the time the transaction occurs, and by the same token remains therein until all rights arising therefrom are satisfied and discharged. 21 R. C. L. 1350; Paulus v. Hart-Parr Co. 136 Wis. 601, 118 N. W. 248; State v. U. S. Mut. Acc. Assn. 67 Wis. 624, 31 N. W. 229; Hunter v. Mutual Reserve Life Ins. Co. 184 N. Y. 136, 76 N. E. 1072, 30 L. R. A. (N. S.) 677, 6 Ann. Cas. 291; Foster v. Charles Betcher Lumber Co. 5 S. D. 57, 58 N. W. 9, 23 L. R. A. 490, 49 Am. Rep. 859; Ben Franklin Ins. Co. v. Gillett, 54 Md. 212; Hagerman v. Empire Slate Co. 97 Pa. St. 534; Klop v. Creston City Guarantee Water Works Co. 34 Neb. 808, 52 N. W. 819, 33 Am. St. 666; Moulin v. Trenton Mut. L. & F. Ins. Co. 25 N. J. Law, 57. In the last case cited the court remarked in the opinion that the fact that the corporation had ceased to transact business in the state, whatever technical difficulty it may seem to create, cannot alter the reason or justice of the rule.

Fletcher v. Southern Colonization Co. 148 Minn. 143, 181 N. W. 205, is not in point. Plaintiff there was not a citizen of the state, defendant was a foreign corporation, and, to give the courts of this state jurisdiction, a showing that the corporation was within the state transacting business therein when the suit was commenced was necessary.

QUINN, J. (dissenting.)
I concur in the dissent.