FOND DU LAC CHEESE & BUTTER COMPANY, Respondent, vs. HENNINGSEN PRODUCE COMPANY, Appellant.

*November 12—December 7, 1909.*

*Courts: Jurisdiction: Foreign corporations: Service on officer within this state: Due process of law.*

1. Courts of this state cannot acquire jurisdiction over persons not present in the state, except for the purpose of adjudicating with reference to property or status here located.

2. A statute authorizing an action against a foreign corporation whenever the plaintiff resides in this state and the summons can be served upon some officer or agent of the corporation, is ineffective to confer jurisdiction unless the presence of such officer or agent within the state amounts to presence of the corporation.

3. Where the treasurer and manager of a foreign corporation was, at the time summons was served upon him, within the state negotiating for adjustment of the corporation's liability upon the claim sued on, and such matter was within his authority, his presence was the presence of the corporation within the state and jurisdiction was acquired by such service.

4. Service of summons in the manner authorized by subd. 13, sec. 2637, Stats. (1898), satisfies all requirements of due process of law.

APPEAL from an order of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Plaintiff, a Wisconsin corporation, sued defendant, a corporation of, and located in, Montana, and not engaged in business in Wisconsin, for a consignment of butter ordered from the plaintiff by mail and delivered free on board cars at Fond du Lac, Wisconsin. Service of summons was made upon A. P. Henningsen, treasurer and manager of defendant corporation, at Fond du Lac. Judgment was entered by default. Defendant thereafter appeared specially, and moved upon affidavits to set aside and declare null said judgment for the reason that no jurisdiction was acquired over the person of the defendant. Defendant's affidavit asserted that Henningsen was not in this state in connection with any business or in-

terests of the corporation, but merely as a visitor. Affidavits of the plaintiff asserted that at the moment of service he had come to Fond du Lac for the purpose of adjusting and settling the controversy between plaintiff and defendant as to the latter's liability forming the basis of this action. The court in an opinion expressed his conclusion from the affidavits that the cause of action arose within the state of Wisconsin, and that A. P. Henningsen, admittedly treasurer and manager of the defendant, was in this state for the purpose of adjusting, and was engaged in adjusting, said claim, and he was therefore in charge of and conducting the business of the corporation within this state. Accordingly order was entered denying the motion, from which order defendant appeals.

The cause was submitted for the appellant on the brief of *H. E. Swett,* and for the respondent on that of *T. L. Doyle.*

Counsel for the appellant cited *Fitzgerald & M. C. Co. v. Fitzgerald,* 137 U. S. 98; *Goldey v. Morning News,* 156 U. S. 518; *Conley v. Mathieson A. Works,* 190 U. S. 406; 13 Am. & Eng. Ency. of Law (2d ed.) 893; 19 Cyc. 1327, and cases cited to note 73; 12 Cent. Dig. § 2613 and cases; 3 Cook, Corp. § 759; Taylor, Priv. Corp. § 395; *Latimer v. Union Pac. R.* 43 Mo. 105, 97 Am. Dec. 378; *Phillips v. Library Co.* 141 Pa. St. 462, 21 Atl. 640, 27 Am. St. Rep. 304; *Clews v. Woodstock I. Co.* 44 Fed. 31; *Good Hope Co. v. Railway B. F. Co.* 22 Fed. 635; *Case v. Smith, Lineaweaver & Co.* 152 Fed. 730; *Ladd M. Co. v. Am. M. Co.* 152 Fed. 1008; *Johnson v. Computing S. Co.* 139 Fed. 339; *U. S. G. Co. v. Pacific G. Co.* 68 Fed. 442; *U. S. v. Am. B. T. Co.* 29 Fed. 17; *Carpenter v. Westinghouse A. B. Co.* 32 Fed. 434; *St. Louis W. M. Co. v. Consolidated B. W. Co.* 32 Fed. 802; *Rust v. United W. W. Co.* 36 U. S. App. 167; *State ex rel. Eau Claire D. Imp. Co. v. District Court,* 26 Minn. 233; *Middlebrooks v. Springfield F. Ins. Co.* 14 Conn. 301; *Aldrich v. Anchor C. Co.* 24 Oreg. 32; *Dillard v. Central Va. I. Co.* 82 Va. 734; *Ætna Ins. Co. v. Black,* 80 Ind. 513; *New-*

*ell v. G. W. R. Co.* 19 Mich. 336; *Moulin v. Trenton Mut. L. & F. Ins. Co.* 24 N. J. Law, 222; *St. Clair v. Cox,* 106 U. S. 350; 19 Cyc. 1267, 1268, and cases cited; *Charter Oak L. Ins. Co. v. Sawyer,* 44 Wis. 387; 13 Am. & Eng. Ency. of Law (2d ed.) 869 *et seq.* and cases cited.

For the respondent there were cited, besides other authorities: 10 Cyc. 924, 925, 928, 940; *Jester v. Steam P. Co.* 131 N. C. 54, 42 S. E. 447; *Pope v. Terre Haute C. & Mfg. Co.* 87 N. Y. 137.

DODGE, J.   It is of course true that the courts of this state cannot acquire jurisdiction over persons not present in the state, except for the purpose of adjudicating with reference to property or status here located.   This is an inherent limitation upon the power and jurisdiction of the state under our form of government, and cannot be escaped by reason of local statutes declaring such power.   *Jarvis v. Barrett,* 14 Wis. 591; *Smith v. Grady,* 68 Wis. 215, 31 N. W. 477; *Witt v. Meyer,* 69 Wis. 595, 35 N. W. 25; *Renier v. Hurlbut,* 81 Wis. 24, 50 N. W. 783; *Moyer v. Koontz,* 103 Wis. 22, 79 N. W. 50; *Maxcy v. McCord,* 120 Wis. 571, 98 N. W. 529, 98 N. W. 923; *Fitch v. Huntington,* 125 Wis. 204, 102 N. W. 1066; *Pennoyer v. Neff,* 95 U. S. 714; *Goldey v. Morning News,* 156 U. S. 518, 520, 15 Sup. Ct. 559.   Hence, although our statute may in terms authorize a suit against a foreign corporation whenever the plaintiff resides in this state and the summons can be served upon some officer or agent of the corporation, those statutes must be ineffective to give jurisdiction unless the presence of such officer or agent within our borders amounts to presence of the corporation, for it is undoubtedly possible for an individual who, incidentally, is officer of a corporation to come into this state in his personal capacity without bringing the corporation with him.   *Goldey v. Morning News, supra; Conley v. Mathieson A. Works,* 190 U. S. 406, 23 Sup. Ct. 728.   It is however uniformly recognized that when a person, corporate or natural, does place it-

self within our territorial limits, jurisdiction over his or its person may be obtained to adjudicate personal liabilities to such extent as state statutes may authorize. So long as either maintains physical absence, this state has no right to insist that they must submit questions of mere personal liability to our courts, but when they voluntarily come within the state such immunity no longer exists. *Curtis v. Bradford,* 33 Wis. 190; *Eingartner v. Ill. S. Co.* 94 Wis. 70, 74, 68 N. W. 664; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 106 N. W. 821. A corporation ordinarily acts and moves in the person of some individual, and when any individual, officer, or agent is, within the authority committed to him, performing an act of the corporation, the latter must be deemed present physically in the person exercising its powers. While the affidavits in this case contradict each other, we see no reason to disagree with the conclusion of the trial court that the treasurer and manager of this corporation was in Fond du Lac negotiating adjustment of corporate liability on the very claim sued in this action. That such function is generally within the authority of such an officer can hardly be doubted, but that it was within Henningsen's authority is confirmed by other facts stated in the affidavits. Obviously had the negotiation proceeded to consummation the corporation would have acted. In other words, Henningsen at that time and for that definite purpose was the corporation, which, therefore, was present in this state. Hence there is no obstacle in the inherent limitations on the powers of the state, or in any prohibitions of the federal constitution, to the acquisition of jurisdiction by our courts by personal service of their process on the defendant present within our borders. The service in fact made was that authorized by our statute (subd. 13, sec. 2637, Stats. 1898), and was such as to satisfy all requirements of due process of law. *Fey v. I. O. O. F. Mut. L. Ins. Soc.* 120 Wis. 358, 98 N. W. 206; *Phillips v. Portage T. Co.* 137 Wis. 189, 118 N. W. 539.

*By the Court.*—Order affirmed.