STATE EX REL. CONSOLIDATED TEXTILE CORPORATION, Petitioner, vs. GREGORY, Circuit Judge, Respondent.

*October 14—November 9, 1932.*

For the petitioner there was a brief by *Bottum, Hudnall, Lecher, McNamara & Michael,* and oral argument by *Suel O. Arnold,* all of Milwaukee.

For the respondent there was a brief by *Gold & McCann,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Karon.*

FAIRCHILD, J. Our law treats as present within our boundaries a foreign corporation when it is doing business here; and provision is made for service of process upon such a corporation, as the circumstances may warrant, either by service upon the secretary of state in the manner provided

by sec. 226.02, Stats., when the cause of action arises out of the business transacted within the state or when the defendant has property here, or upon an agent having charge of or conducting any business for such corporation within the state, or, as material in this case, by service upon an officer who is within the state for the purpose of transacting business for the corporation, and who is vested with authority to transact such business within the state; but the service provided for can be made only when such corporation has property within the state or the cause of action arose within the state, or the cause of action exists in favor of a resident of the state. The validity of the service on a foreign corporation by serving process on an agent or secretary of state may depend on a showing of a continuous course of business, while service upon its president or other officer designated by statute through and by whom the corporation has entered the state for a special and for its own peculiar purpose, even though it amounts to a single transaction, may be perfectly good. It is perceived that the statute does not constitute a single transaction of an isolated nature a sufficient disclosure of the corporate presence to support a service on an agent or secretary of state (*Penn Collieries v. McKeever,* 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. N. s. 127), while it does provide for such service on the president or other proper officer if in the state for the purposes of a corporation, when the cause of action exists in favor of a resident of the state and arises out of the matter to control which the corporation has come within the state. Under one mode of service, for the purpose of discovering the presence of the corporation, the inquiry involves the extent of business done; under the other we are concerned only with the question as to whether the corporation has so acted as to manifest its presence in the person of its officers to the extent that we may say it was here at the time and subject to service of process. As was said, although with relation to a different state of facts, in

opinion by Mr. Justice CARDOZA in *Tauza v. Susquehanna Coal Co.* 220 N. Y. 259, 267, 115 N. E. 915: "Activities insufficient to make out the transaction of business, within the meaning of those statutes, may yet be sufficient to bring the corporation within the state so as to render it amenable to process."

The plaintiff whose attempt to secure service is challenged in this proceeding is a resident of the state of Wisconsin. It is conceded that the president of the defendant corporation came into this state in an attempt to accomplish a result in connection with the matter sued on which would be beneficial to the defendant in that action because of the emergency in which it found itself after its default on its bonds. A foreign corporation is present in this state when an officer thereof, vested with authority, is here transacting business for it. The corporation under such circumstance is not merely represented for its own purpose, but it is actually here, and it must accept the plain and unavoidable consequence of being held to be within the jurisdiction of our courts. Mr. Justice DODGE in *Fond du Lac C. & B. Co. v. Henningsen P. Co.* 141 Wis. 70, 123 N. W. 640, speaking for the court said:

"Although our statute may in terms authorize a suit against a foreign corporation whenever the plaintiff resides in this state and the summons can be served upon some officer or agent of the corporation, those statutes must be ineffective to give jurisdiction unless the presence of such officer or agent within our borders amounts to presence of the corporation. . . . It is, however, uniformly recognized that when a person, corporate or natural, does place itself within our territorial limits, jurisdiction over his or its person may be obtained to adjudicate personal liabilities to such extent as state statutes may authorize."

Petitioner has called our attention to *International Harvester Co. v. Kentucky*, 234 U. S. 579, 34 Sup. Ct. 944; *Rosenberg Bros. & Co. v. Curtis Brown Co.* 260 U. S. 516,

43 Sup. Ct. 170; *James-Dickinson Co. v. Harry,* 273 U. S. 119, 47 Sup. Ct. 308, and other cases of similar import which do support its contention that the corporation was not so within the state as to be subject to service of process unless they are distinguishable from the case at bar. *International Harvester Co. v. Kentucky, supra,* was one in which service was attempted upon an agent in a state where the corporation had expressly refused to be present but did continue doing business there to a considerable extent, and therefore service was held good. In the *Rosenberg Bros. & Co. v. Curtis Brown Co. Case, supra,* the president of the foreign corporation entered New York state for the purpose of purchasing goods. The question there was whether at the time of the service of process it was doing business within the state of New York in such manner and to such extent as to warrant the inference that it was present there. The supreme court of the United States held that it was not so situated by reason of what it had done as to be subject to jurisdiction in New York.

While it may be a close question, it is quite obvious that a corporation sending its agent, although its president, into another state to purchase articles might not go with him, and would therefore be in a very different situation so far as jurisdiction over it is concerned by the local courts from that in which the petitioner here is, for here the petitioner deliberately entered the state for the purpose of negotiating with reference to the very matter out of which the suit arises. As we understand the *James-Dickinson Co. Case* so far as it relates to this question, it is distinguishable by reason of the fact that special authority to take the corporation into Illinois relative to business sued upon was lacking. While the Wisconsin rule must yield to the effect of the decisions referred to, and although our rule may be truly said to be close to the line marked by these decisions, we feel that under the distinctions pointed out, it ought still to control us

as to the presence of a corporation under the circumstances disclosed in this record. In the cases relied upon by the petitioner, the officer or agent appearing in the foreign state went there with powers so limited that there is good reason for saying the corporation was not present. It seems that the holding would not be proper where the corporation sends into a neighboring state its president for the purpose of winding up, compromising, or settling a matter in difference between it and a resident of that state, having conferred on him full power and authority in that particular. Were the balance due in favor of the foreign corporation, it could appeal to the local courts to enforce its rights.

A corporation is by law given a character which amounts in a legal and limited sense to the image or equivalent of an individual. It is limited by the manner of its creation and the practical methods it must conform to in doing its business, but it may contract, sue, defend, and generally carry on the business for which it is organized. In the nature of things it must act through persons who represent it. There is just as definitely a group will and ability to form a plan or intention to act as is found in an individual. In order to avoid confusion and to prevent imposition, the corporation's domicile and the place where it may be said to be found are fixed as definitely as can be and at the same time prevent undue advantage and injustice. The effect of our legislation with relation to jurisdiction over foreign corporations amounts to this: a corporation is found within the state when its president or other chief officer, vice-president, secretary, cashier, treasurer, director, or managing agent is within the state and conducting business for such corporation; it is here for the purposes relating to the business it has come to transact. Had the business transacted been that of Mr. Rupprecht and had he been found in the state of Wisconsin, certainly service could have been made upon him. The only way the corporation whose business he was authorized to

transact could act in relation thereto was by doing so by and through its representative. He had authority to speak on behalf of the company; for the time being the company was manifesting its presence in his person and acts; it was doing its business here in Wisconsin and protecting its interests through him. As an individual Rupprecht might have come into the state without bringing the corporation with him, but as an officer coming here by direction of the corporation to manage and do the particular business of the corporation, he did bring the corporation with him. To hesitate so to hold is making a question of a patent fact. *Fond du Lac C. & B. Co. v. Henningsen P. Co.* 141 Wis. 70, 123 N. W. 640; *Premo Specialty Mfg. Co. v. Jersey-Creme Co.* 200 Fed. 352, 43 L. R. A. N. s. 1015.

The corporation has been admitted into the general economy of things as a normal business unit competing with individuals, and there does not appear to be much danger of undue advantage being taken of it if treated as a legal personality protected to the extent it is by the Wisconsin statute. If a corporation desires to stay out of a certain jurisdiction it may easily do so by refusing to have its officers or agents enter the state for the purpose of doing business for it in that state. In this it has no greater burden and no greater advantage than would have had an individual under similar circumstances. It is privileged to do business anywhere and everywhere upon complying with the laws of the jurisdiction into which it enters. Quoting again from the *Fond du Lac C. & B. Co. Case, supra,* the president, "at that time and for that definite purpose, was the corporation, which therefore was present in this state. Hence, there is no obstacle in the inherent limitations on the powers of the state, or in any prohibitions of the federal constitution, to the acquisition of jurisdiction by our courts by personal service of their process on the defendant present within our borders. The service in fact made was that authorized by our statute and was such as to satisfy all requirements of due process of law."

We are of the opinion that the plain language of the statute as interpreted by *Fond du Lac C. & B. Co. v. Henningsen P. Co.* 141 Wis. 70, 123 N. W. 640, applied to the facts in this case, compels a ruling that the service was good. The decision in *Commercial Mut. Acc. Co. v. Davis,* 213 U. S. 245, 29 Sup. Ct. 445, appears to be applicable. The statute there under consideration provided for service on one "who adjusts or settles a loss." The opinion relates that the company sent its representative with authority to settle the claim sued on into the state of Missouri. There was a *bona fide* attempt to settle the controversy between the parties, and when it failed service of summons was made. This service was held good.

We agree with the conclusion reached by the trial court and hold that the return made shows the petitioner not entitled to a writ of prohibition.

*By the Court.*—The demurrer to the return is overruled and writ denied. Temporary restraining order dissolved.