TRUCK PARTS, Inc., v. BRIGGS CLARIFIER CO.

No. 3063.

District Court, D. Minnesota, Third Division.

Dec. 6, 1938.

Stone, Manthey & Montague, of Virginia, Minn., for plaintiff.

Junell, Fletcher, Dorsey, Barker & Colman, of Minneapolis, Minn., for defendant.

SULLIVAN, District Judge.

This action was originally brought in the State court, and process was served upon the president of the defendant corporation while he was temporarily within the State of Minnesota. The defendant is a Delaware corporation with its principal place of business in the City of Washington, in the District of Columbia.

The defendant removed this suit from the State court for diversity of citizenship of the parties, and now moves to set aside the service of process on the ground that at the time of the service of the summons herein, it was not, and is not now, within the jurisdiction of this Court, and was not at said time, and is not now, to be found in the State of Minnesota, and that it is not now, and was not, at the time of said purported service, or at any time, doing business in the State of Minnesota, and that it has not consented to this suit.

Admittedly the defendant owns no property in this State, has never qualified to do business in this State, and it has no agent herein upon whom process may be served. It does not maintain an office or place of business, nor does any officer or agent of said corporation reside within this State. It is engaged in the manufacture and sale of automotive and industrial oil filters, its products being manufactured in the District of Columbia and sold in various parts of the United States by jobbers and distributors, the defendant selling its products to jobbers and distributors and they, in turn, selling the same to persons in the territory served by them.

It appears from the affidavits filed herein that at no time were any of the defendant's products sold by a distributor engaged exclusively in the sale of said products, nor was any distributor authorized to represent or act for the defendant in any capacity; that the activities of the defendant in Minnesota were carried on by mail, telegraph or telephone from the defendant's office in Washington; that Mr. Donaldson, the president of the defendant company, was in Minnesota on three occasions: In the summer of 1937, on December 6, 1937, and on May 25, 1938, at which last-mentioned time he was served with the summons and complaint herein. On the first two visits, he called upon the defendant's distributor in Minneapolis and generally went over with, and discussed the business relations of the distributor and the defendant, but on those occasions he solicited no orders, nor did he do any other business for and on behalf of the defendant. His third visit to Minnesota was made at the request of the plaintiff to discuss certain grievances which plaintiff had against the defendant company. That on January 1, 1938, one H. B. Williamson was appointed by the defendant as its district sales manager; that Williamson served defendant in no other capacity than that of a manufacturer's representative in this State and other states, with authority limited to locating outlets for defendant's products. His services were terminated on April 18, 1938, and he at no time resided or maintained an office in this State. That on a few occasions, other agents of the defendant company came into the State. Such visits were made at the solicitation of the distributor, and the purpose thereof was to aid in sales by the distributor, and for the benefit of the distributor. That said agents did not attempt, nor did they make any sales in this State on the occasions of those trips on defendant's behalf.

The validity of the service of the summons upon the defendant corporation depends upon whether it was doing business in Minnesota in such a way as to be con-

604

sidered present in the State of Minnesota at the time of said service.

■ The statutes of Minnesota (2 Mason's Minnesota Statutes, 1927, § 9231, subdivision 3) permit jurisdiction in personam to be obtained over a foreign corporation by service of process within the state upon officers or agents of that corporation, but in order to justify such service, and to satisfy the requirements of the due process clause of the Fourteenth Amendment, U.S. C.A.Const. Amend. 14, the foreign corporation must be doing business in the State. Philadelphia & Reading R. R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; North Wisconsin Cattle Co. v. Oregon Shortline R. Co. et al., 105 Minn. 198, 117 N.W. 391; Maxfield v. Canadian Pac. Ry. Co. et al., 8 Cir., 70 F.2d 982; Gloeser v. Dollar S. S. Lines, Inc., 192 Minn. 376, 256 N.W. 666, 95 A.L.R. 1470; Riverside & Dan River Cotton Mills v. Menefee, 237 U.S. 189, 35 S.Ct. 579, 59 L.Ed. 910.

■ A foreign corporation may be sued only when it is "present in the state". This wording is not used literally, but is comprehensive. It contemplates the doing of business in the state in such a manner as to make the corporation subject to service of process. No general rule has been attempted by the courts as to what constitutes the "doing of business within the state". The only generality expressed is found in People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, on page 87, 38 S.Ct. 233, on page 235, 62 L.Ed. 587, Ann.Cas.1918C, 537, where it is stated: "The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted."

■ The defendant was not doing business in Minnesota. The distributor was. The distributor was an independent merchant buying products from the defendant, and then selling those products which he had purchased from the defendant to people in this State. There was no relationship of principal and agent existing between the defendant and the distributor. The defendant was a vendor and the distributor was a vendee. The defendant filled orders received from the plaintiff and other distributors, at Washington, D. C., and consigned its products from there to the distributors in Minnesota. Upon delivery of the merchandise in Minnesota, the duties of the defendant in relation thereto ceased. The business of the defendant with its distributors was not local, but was connected with interstate commerce. See Mandel Bros. Inc. v. Henry A. O'Neil, Inc., et al., 8 Cir., 69 F.2d 452. Efforts made on behalf of, and as an aid to distributors and dealers, do not constitute that doing of business within the state which subjects the corporation to the local jurisdiction for the purpose of service of process upon it. Peebles v. Chrysler Corporation et al., D.C.W.D.Mo., 57 F.2d 867. Nor do certain solicitations of business within the state where agents have no authority beyond solicitation. People's Tobacco Co. v. American Tobacco Co., supra; Maxfield v. Canadian Pac. Ry. Co. et al., supra. Officers of a corporation temporarily within the state, in an attempt to compromise claims against the corporation, do not show the requisite presence of the corporation to subject it to the local jurisdiction. Consolidated Textile Corp. v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L. Ed. 1047, reversing 209 Wis. 476, 245 N.W. 194. Nor can corporate presence within a state be inferred from the fact that an officer or agent of a foreign corporation is within the state, or resides there. Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113; Riverside, etc., Mills v. Menefee, supra. Nor upon occasional visits of officers or agents of a corporation. Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Consolidated Textile Corp. v. Gregory, supra.

The weight of authority supports the contentions of the defendant. Philadelphia & Reading Ry. Co. v. McKibbin, supra; Green v. Chicago, B. & Q. Ry. Co., 205 U. S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Davega, Inc., v. Lincoln Furniture Mfg. Co., Inc., 2 Cir., 29 F.2d 164; People's Tobacco Co. v. American Tobacco Co., supra; Bank of America v. Whitney Central National Bank, 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594.

The motion to quash the service of process herein and to dismiss the suit will be granted.